# TERRITORY OF MONTANA, RESPONDENT, *v.* EDGAR H. STANTON, APPELLANT.

APPEAL—*Failure to file briefs.*—*Held,* in the case at bar, that the record on appeal showed no error on the part of the trial court, but that inasmuch as there were no briefs on file, and no arguments had been made in the Supreme Court, the judgment of the District Court would be affirmed without any special reasons being assigned.

*Appeal from the Second Judicial District, Deer Lodge County.*

## STATEMENT.

A defendant, charged with the crime of having converted to his own use certain money belonging to one Barker, and in his

hands as a bailee, had been bound over to await the action of the grand jury, and in default of bail, committed to prison by a probate judge. He escaped from jail, was recaptured, and having been indicted, tried, and convicted for such escape in the District Court, was sentenced to one year's imprisonment in the penitentiary. The errors alleged, as disclosed by the record on appeal, were as follows:—

Juryman Beaumont, examined on the part of the defendant by Mr. Duffy (defendant's counsel):—

"Question. Have you talked with anybody about this case?

"Answer. Yes, sir; with Otto Wommelsdorf, at Stuart.

"Q. Did you form any opinion from what he told you?

"A. Yes, sir.

"Q. Is that opinion qualified or unqualified?

"A. Unqualified."

Defendant hereupon challenged this juryman for cause.

"Q. (by the court). Did Mr. Wommelsdorf relate to you anything purporting to be the facts of this case?

"A. No, sir.

"Q. (by the court). Could you, notwithstanding the opinion you have, give this defendant a fair and impartial trial, under the law and the evidence?

"A. Yes, sir."

The court hereupon refused the aforesaid challenge of the defendant, whereupon the defendant then and there duly excepted.

Trippett, the clerk of the Probate Court, in which the defendant had been bound over on the charge of a criminal conversion of money, was placed upon the stand by the prosecution, and examined concerning the proceedings had in said court against the defendant.

"Question. Mr. Trippett, will you produce the minutes of that court?"

Defendant objected to the production of the minutes of the Probate Court, for any other or further purpose than to show the commitment. Objection overruled, to which the defendant then and there by his counsel duly excepted.

"Q.  Do you recognize that complaint (handing witness a paper)?

"A.  Yes, sir.

"Q.  Was it filed in your court?

"A.  Yes, sir; in the Probate Court, December 21st."

Plaintiff here offered in evidence the complaint above referred to.  Defendant objected to the introduction of this complaint, for the reason that the alleged conditions of the bailment created between Barker and Stanton were not set out therein, and that, therefore, it charged no public offense, known either to the laws of the Territory or to the common law.  Objection overruled, to which the defendant, by his counsel, then and there duly excepted; and the complaint was then read in evidence to the jury.

The prosecution introduced in evidence the record of the Probate Court in relation to the preliminary examination of the defendant, and proceeded with the examination of Trippett.

"Q.  Is that all the record appertaining to it?

"A.  Yes, sir; except the *mittimus.*

"Q.  Was there a *mittimus* issued in that case?"

Objected to, as the record was better evidence.  The court ruled that if the record showed that a *mittimus* was issued, it should be produced.

"Q.  Do the minutes show that a *mittimus* was issued?

"A.  No, sir.

"Q.  Well, state whether or not a *mittimus* was issued?"

Objected to, for the reason that the law of the Territory provides that a record in writing of all the proceedings before a probate judge or magistrate must be kept.  "If the record does not show that a commitment was issued, we claim that they cannot prove the allegation of the indictment that one was issued, by parol evidence."  Objection overruled, and the defendant then and there duly excepted.

"A.  Yes, sir."

Plaintiff here offered in evidence the commitment referred to.

The court admitted (over the objection of the defendant, that the same was not sufficient under the statute) the said commitment, which was as follows:—

"*In the Probate Court, in and for the county of Deer Lodge, Montana Territory.*

"The people of the Territory of Montana to the sheriff of said county of Deer Lodge:—

"An order having been made this day by me, that Edgar H. Stanton be held to answer, upon a charge of having, on the twelfth day of July, A. D. 1887, converted to his own use money and gold coin, of the property of John W. Barker, Jr., with intent to steal the same, he, Stanton, having at that time held the same, as bailee, committed in said county on or about the twelfth day of July, 1887: These are, therefore, to command you, the said sheriff, to take the said Edgar H. Stanton into your custody, and to keep and detain him until he be legally discharged. And I hereby order that the said Edgar H. Stanton be admitted to bail in the sum of two thousand dollars.

"Attest my hand, and the seal of the Probate Court of said county, this twenty-fourth day of December, A. D. 1887.

[SEAL.]        "ORREN EMERSON, Probate Judge.

"Indorsed. No. 2004, Probate Ct., County of Deer Lodge, M. T. *Territory of Montana* v. *Edgar H. Stanton.* Commitment."

The evidence of the prosecution showed that while the defendant was in jail under the commitment hereinbefore described, he had been allowed to remain for a short while in the kitchen of the jail, which was inside of the jail building, but separate from the cells, and had thence made his escape. After the prosecution had rested, the defendant moved the court to instruct the jury to acquit him for the following reasons: "*First,* that the defendant was in jail under a void commitment; *second,* that there was no negative testimony introduced to show that he was not out on bail; and also, no negative testimony introduced to show he was not legally discharged." The court overruled the motion, and defendant duly excepted. The court, of its own motion, gave the following instructions to the jury:—

"No. 1. The defendant in this case is charged with escaping from the jail of Deer Lodge County, Montana, on or about the third day of January, A. D. 1888. If you believe from the evidence that the defendant at the time alleged in the indictment was confined in the county jail of Deer Lodge

County, and escaped therefrom, he was guilty under the law, and you should so declare by your verdict; if, on the contrary, you believe that the defendant was not confined in the jail at the time he escaped, you should find the defendant not guilty.

"No. 2. The defendant is indicted under the following law: 'If any person, confined in any jail, in any county in this Territory, shall break such jail, or escape therefrom, or attempt to do so, or shall break or destroy the furniture of such jail, or shall assault any keeper of such jail, such person on conviction thereof shall be imprisoned in the territorial penitentiary at hard labor, for a term not exceeding three years, nor less than one year.'

"No. 3. If a person, legally committed to the custody of a sheriff, to answer to a charge of felony, and by such sheriff confined in the jail of his county, escape or depart therefrom, he is guilty of an escape from such jail, and if the jury find from the evidence in this case that the defendant, Edgar H. Stanton, was so committed and confined, on or about the third day of January, A. D. 1888, in the county jail of Deer Lodge County, Territory of Montana, and that while so committed and confined, he did depart from said jail without authority of law, and all the other allegations of the indictment are proven, beyond a reasonable doubt, then the jury are instructed that they should find the defendant guilty as charged in the indictment.

"No. 4. You are instructed that although you may believe from the evidence in the case, beyond a reasonable doubt, you cannot convict the defendant of the crime charged, unless you further find, beyond a reasonable doubt, that he wilfully and feloniously intended to depart from said jail without the intention of returning."

The following instructions were also granted as requested:—

"No. 2. The intent must be proven by competent evidence, beyond a reasonable doubt. It cannot be inferred or presumed by the jury.

"No. 3. You are instructed that in order to constitute a crime, there must be a co-operation of joint act and intention. If the intent be absent you cannot convict.

"No. 4. You are instructed that there is no evidence in this case, that defendant did not have permission to leave the jail, as

described in the indictment; and if you have a reasonable doubt, as to whether he was permitted to go out of the jail at the time in question, you should acquit."

The following instruction was also given by the court:—

"If you should find the defendant guilty, you should then assess his punishment, which shall be by imprisonment in the penitentiary at hard labor for a term not less than one year, nor more than three years."

The defendant excepted to those of the said instructions given by the court of its own motion, numbered 1, 3, and 4; and also objected that the court had failed to give an instruction on the question of a reasonable doubt.

A motion for a new trial, based chiefly on the alleged errors hereinbefore set forth, was duly made by the defendant and overruled, whereupon he appealed.

*W. E. Cullen,* Attorney-General, for the Territory.

BACH, J.—The appeal is taken by the appellant from the judgment, and from an order denying a motion for a new trial. There is no brief filed on either side.

I have carefully examined the record in the case and find no error; and I do not wish to establish a precedent for the future guidance of this court, or one to be overruled in the future, where the attention of the court is not called to any error, or to any authority. For this reason, the judgment and order appealed from will be affirmed without further reasons.

*Judgment affirmed.*

McCONNELL, C. J., and LIDDELL, J., concur.