TERRITORY OF MONTANA, RESPONDENT, *v.* ROBERTS, APPELLANT.

HOMICIDE — *Continuance — Character.* — There is no abuse of discretion in refusing a motion for a continuance upon the ground of absent witnesses, whose testimony was required for the purpose of proving that in 1844 the defendant was afflicted with disease which sometimes produced mental trouble; that from 1861 to 1864 he was in the military service of the United States, and was wounded; and that in 1863 and 1864 his reputation for peace and quietness in the community in which he then lived was good.

PRACTICE — *Challenge to juror.* — Where a challenge by the Territory to a juror was improperly sustained, but it appeared that "a jury of good and lawful men was sworn to try the case." *Held,* that the defendant was not injured by the exclusion of the juror, and such exclusion was no ground for a new trial.

HOMICIDE — *Threats against the deceased.* — Where a witness testified as to threats made by the defendant against the deceased two months before the shooting, which were objected to as being too remote; *held,* that the mere lapse of time does not exclude the evidence of threats which have a direct relation to the case, as no rule of limitation runs against evidence as to malice in cases of homicide.

SAME — *Insanity — Evidence.* — Where it appeared that certain witnesses who testified to the sanity or insanity of the defendant were laymen, and gave as a reason for their opinion that they were well acquainted with the defendant, and had observed his conduct during the period in regard to which they testified. *Held,* that the testimony was competent.

PRACTICE — *Contents of record.* — Where the record contains no testimony to guide the court in determining the propriety of an instruction, which is correct in the abstract, no error will be presumed.

BRIEFS. — The failure of attorneys to file briefs on an appeal from a conviction of murder in the first degree, criticised and disapproved.

*Appeal from Second Judicial District, Silver Bow County.*

The defendant was tried before DE WOLFE, J.

No briefs on file.

BLAKE, C. J. — The appellant was convicted of the crime of murder in the first degree, and this appeal has been taken from the judgment of the court below and the order overruling the motion for a new trial. No briefs have been filed, and no arguments have been made in this action, and we would be justified by many precedents in affirming the judgment without any examination of the transcript. This court has expressed its disapproval of similar conduct upon the part of counsel for appellants; and, while we do not desire to act as censors, we hope that this is the last time that we shall be called upon to comment on the omission of attorneys to perform their impor-

tant duties. The gravity of the offense demands a careful investigation, although we are embarrassed by our ignorance of the real grounds for taking this appeal. There is no specification of errors, but the first reason in the motion for a new trial is "that the evidence did not or does not establish beyond a reasonable doubt the guilt of the defendant." The second is contained in different language, which has the same legal effect. The testimony has not been embodied in the record, and these grounds cannot be considered at this time.

The alleged errors of law will be reviewed in their order. It appears that the appellant moved May 22, 1889, for a continuance of the action until the succeeding term, and alleged that he could not obtain a fair and impartial trial on account of the prejudice and hostility of the community. Five days afterwards the appellant filed another motion of this character, and specified, among other witnesses, Generals Sherman, Hunter, and Hall, for the purpose of proving that in 1844 he was afflicted with disease — fainting spells and nervous prostration — which sometimes produced mental troubles; that from 1861 to 1864 he was in the military service of the United States, and was wounded, and suffered from these attacks of illness, and that the said Hall and Sherman were well acquainted in 1863 and 1864 with his reputation for "peace and quietness in the community in which he then lived, and that the same was good." No other periods of time are mentioned in the affidavits. The motions were overruled. It is difficult, in the absence of the evidence, to determine how such facts, if testified to, could be material or relevant; but the law governing the ruling of the court below is established in this Territory. There has been no abuse of judicial discretion in refusing the motions, and the judgment cannot be disturbed. (*Territory* v. *Perkins,* 2 Mont. 471, and cases cited; *Territory* v. *Harding,* 6 Mont. 332.)

It is also claimed that "the court erred in sustaining the challenge of the prosecution to the juror, Renfry." This person was examined on his *voir dire,* and testified that he was not a citizen of the United States; that he had declared his intention to become a citizen; that he had heard rumors about the case; that he could not tell whether the parties he heard talk were witnesses; and that he had formed an opinion as to the guilt or

innocence of the defendant. He was challenged by the Territory "on the ground of alienage, and for the further reason that he had stated that he had formed an opinion as to the guilt or innocence of the defendant." The challenge was resisted by the appellant, and sustained by the court. A jury of good and lawful men was sworn to try the case, and no other facts in relation to the matter are shown by the transcript. In *Hayes* v. *Missouri*, 120 U. S. 71, Mr. Justice Field, in the opinion of the court, says: "The accused cannot complain if he is still tried by an impartial jury. He can demand nothing more. (*Northern Pacific R. R.* v. *Herbert*, 116 U. S. 642.) The right to challenge is the right to reject, not to select, a juror. If from those who remain an impartial jury is obtained, the constitutional right of the accused is maintained." This was followed in *Hopt* v. *Utah*, 120 U. S. 430, and *Spies* v. *Illinois*, 123 U. S. 168. The appellant was not injured by the exclusion of the juror.

Another ground appearing in the motion for a new trial is that "the court erred in allowing the witness, William H. Le Duc, to testify as to what the defendant told said witness two months before the date of the alleged commission of the crime charged in the indictment." The record states that the witness testified as follows: "I heard the defendant speak about this matter somewhere about two months before the shooting occurred. I heard him make threats against the deceased." *Question.* "What did he say?" The appellant objected to this testimony as being too remote to be connected with the act described in the indictment. The objection was overruled, but the answer is not given, and its materiality or relevancy cannot be demonstrated in the ordinary mode. Assuming that it was prejudicial to the appellant, the authorities are uniform that mere lapse of time does not exclude the evidence of threats, which have a direct relation to the case. In *Everett* v. *Georgia*, 62 Ga. 65, it is held that the evidence of threats, uttered by the accused against the deceased about three years before the commission of the crime of murder, is admissible. In *Redd* v. *State*, 68 Ala. 492, threats of this nature, made through a period of two years prior to the alleged criminal act, were declared relevant. In *State* v. *Hoyt*, 46 Conn. 330, the court says: "As tending to prove malice on the part of the accused towards his victim at the time

of the homicide, the State offered evidence tending to prove that thirteen years since he had said that 'he would like to put a ball through his father's heart, if he thought it would penetrate, but his heart was so much harder than the ball that he thought it would not penetrate it.' This was received against the objection that it was too remote in time, and was followed by evidence as to the threats made one, three, and four years since. The objection does not properly go to the admission, but to the weight, of the testimony. No rule of limitation runs against evidence as to malice in such cases."

The next ground is that "the court erred in refusing to permit counsel for defendant to read to the jury the medical works offered in evidence, or to read the portions of said works referred to in the offer of defendant." This alleged error is refuted by reading the following extract from the transcript: "In the matter of the reading of the work, 'Hammond on Insanity,' the court ruled 'that the counsel for defendant might read in evidence to the jury all of said work that they offered to read as aforesaid,' and that the defendant closed the case without reading said book, or any part thereof, or offering so to do."

It is then alleged that the court erred in allowing witnesses "to testify to the sanity or insanity of the defendant." It appears that three witnesses were "laymen," and "gave as a reason for their opinion that they were well acquainted with the defendant, and had observed his conduct during the period in regard to which they testified." The proposition controlling this question has been settled in *Territory* v. *Hart*, 7 Mont. 489, where the authorities are collated by Mr. Justice McLeary, and it will be readily seen that these witnesses are competent.

The last grounds in the motion relate to the instructions which were given or refused. The court gave seventeen instructions of its own motion, and eight instructions at the request of the appellant. Only one of them has been complained of, and that refers to the subject of the character of the defendant, upon which it is asserted that evidence had been introduced by both parties. Eight instructions embrace the law of insanity as a defense to crimes, and ten instructions upon this question were refused. We have no testimony to guide us in this inquiry, but, viewing abstractly the legal problems presented, we say without any

hesitation that there is no error in the action of the court below. A discussion of all the instructions, under the peculiar circumstances of this case, is not required, and will not be undertaken. The judgment is affirmed, and the original judgment is hereby directed to be carried into execution as entered in the court below.

BACH, J., and LIDDELL, J., concur.