Hon. WILLIAM H. DE WITT, } Associate Justices.
Hon. WILLIAM H. HUNT,

---

## CITY OF HELENA, RESPONDENT, *v.* BRULE, ET AL., APPELLANTS.

[Submitted February 19, 1895.   Decided March 4, 1895.]

DEFAULT JUDGMENT—*Insufficient ground for vacating.*—The fact that the defendants' attorney was not advised as to the date upon which his demurrer to the complaint would be submitted to the court, and was not advised as to any order in reference thereto until after default and judgment, but supposed that the demurrer was still pending, is not sufficient ground for setting aside the default and judgment ordered on overruling the demurrer.

ACTION—*Real party in interest.*—Where an injunction is issued and served on one, as city treasurer, restraining him from selling property for nonpayment of taxes, the city is the real party in interest, and may bring suit on the injunction bond on the dissolution of the injunction.

SAME—*Damages in suit on injunction bond.*—The fees of an attorney paid to procure the dissolution of an injunction are recoverable as an item of damages in an action on the bond given in the injunction suit.   (*Creek* v. *McManus,* 13 Mont. 152, cited.)

APPEAL—*Examination of record on.*—Where a case has been submitted to the court without argument or brief on the part of the appellant it is not the duty of the court to make very diligent search in order to reverse a judgment by default, where no obvious fatal error appears.   (*Territory* v. *Roberts,* 9

(429)

Mont. 12; *Territory* v. *Mooney,* 8 Mont. 151; *Territory* v. *Stanton,* 8 Mont. 157, cited.)

SAME—*Same.*—In the case at bar, so far as regards that portion of the appeal from the judgment only, the court is confined in its examination to the question of whether the complaint states a cause of action and supports the judgment *Foster* v. *Wilson,* 5 Mont. 53; *Haggin* v. *Lorenz, ante, p.* 309, cited.)

SAME—*Same.*—Where the record on appeal to which the court is confined discloses no radical error which will vitiate the judgment none will be presumed.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION on injunction bond. Plaintiff had judgment below on default. Defendants' motion to set aside the judgment was denied by BUCK, J. Affirmed.

Statement of the case by the justice delivering the opinion:

The plaintiff, by its complaint filed in the district court, pleads that it is a municipal corporation; that on February 8, 1892, in an action brought by Richard Lockey, against J. B. Walker, as city treasurer of the city of Helena, an injunction duly issued out of the district court was served on said Walker, restraining him from selling the property of said Lockey for nonpayment of his taxes for the year 1891; that upon the issuing of said injunction, the defendants gave an undertaking required by law, copy of which was made part of the complaint; that such proceedings were had in such action that it was finally decided by the court, and thereby adjudged, that said Lockey was not entitled to said injunction; the judgment-roll is by reference made a part of the complaint; that while the injunction bond was given to Walker, as city treasurer, to indemnify and save him harmless from all damages that he might sustain by reason of said injunction, the said Walker was merely a nominal party to said action, and the real party in interest in that and in this action is the city of Helena, this plaintiff, and that the damages sustained were sustained by the city of Helena; that the damages sustained by the plaintiff by reason of said injunction amounted to the sum of three hundred dollars, which sum the plaintiff paid for counsel to assist the then city attorney in procuring the dissolution of said injunction; that no part thereof has been paid, although payment thereof has been demanded. Judgment for three hundred dollars, together with interest,

was prayed for. The injunction bond was in the usual form, and signed by the defendants. A general demurrer was interposed and overruled on the 20th of February, 1893. On March 2, 1893, judgment by default was entered in favor of plaintiff, and against the defendants, for the sum of three hundred and twenty-five dollars and sixteen cents, with interest. March 3, 1893, the defendants moved to set aside the default and judgment, upon the ground of excusable neglect. The substance of the affidavit to support said motion was, that Mr. Bullard, who was the attorney for defendants, was not advised as to the date upon which the demurrer was submitted to the court, and was not advised as to any order in reference therein until after default and judgment, but supposed that said demurrer was still pending; that it was through his inadvertence and want of information that the demurrer was submitted, and default and judgment entered. An answer was tendered with the motion. The court overruled the motion to set aside the default and judgment. From the judgment and from the order overruling the application of the defendants to set aside and vacate the judgment by default an appeal is taken.

*M. Bullard,* for Appellants.

*Stephen Carpenter,* for Respondent.

Attorneys who file general demurrers to pleadings must keep themselves informed of the court's doings, or suffer the consequences. (*Haggin* v. *Lorenz,* 13 Mont. 406.) The setting aside of default is a matter exclusively within the discretion of the trial court, and, unless there appears to be a patent abuse of such discretion, appellate courts do not disturb judgments rendered by default. (*Lamb* v. *Mining Co.,* 1 Mont. 64; *Loeb* v. *Smith,* 1 Mont. 87; *Whiteside* v. *Logan,* 7 Mont. 373; *Vantilbury* v. *Black,* 3 Mont. 469; *Lowell* v. *Ames,* 6 Mont. 188; *Donnelly* v. *Clark,* 6 Mont. 136; *Woodward* v. *Backus,* 20 Cal. 137; *Roland* v. *Kreyenhagen,* 18 Cal. 455; *Howe* v. *Independence Co.,* 29 Cal. 72; *Haggin* v. *Lorenz, supra.*) A reasonable fee for procuring the dissolution of an injunction is fixed at three hundred dollars. (*Miles* v. *Edwards,* 6 Mont. 180.)

HUNT, J.—We are of opinion that the affidavit to set aside the default and judgment is wholly insufficient. The rest of the appeal being from the judgment only, we are confined in our examination to the question of whether the complaint states a cause of action, and supports the judgment. (*Foster* v. *Wilson*, 5 Mont. 53; *Haggin* v. *Lorenz, ante,* p. 309.) We think it does. It sets forth the corporate existence of the city of Helena, pleads the nature of the action brought by Lockey against Walker as treasurer, the injunction issued therein, the giving of the legal undertaking, and the decision in that case. It further sets up that the city is the real party in interest, Walker, as treasurer, being a mere nominal party, and that the damages sustained were sustained by the city of Helena; that the damages amounted to three hundred dollars, paid for counsel to assist the city attorney in procuring the dissolution of the said injunction. In *Creek* v. *McManus*, 13 Mont. 152, it was held that attorneys' fees paid to procure the dissolution of an injunction are recoverable as an item of damages in an action on the bond given in the injunction suit. The record to which we are confined discloses no radical error which will vitiate the judgment, and none will be presumed. (*Dimick* v. *Campbell*, 31 Cal. 240.)

Where a case has been submitted to the court, as was this, without argument or brief on appellants' part, we do not feel that it is our duty to make very diligent search to reverse a judgment by default, where no obvious fatal error appears. (*State* v. *Roberts*, 9 Mont. 12; *Territory* v. *Mooney*, 8 Mont. 151; *Territory* v. *Stanton*, 8 Mont. 157.)

The order refusing to set aside the default and judgment, and the judgment, are affirmed.

*Affirmed.*

DE WITT, J., concurs.

### ON MOTION FOR REHEARING.

[Denied March 25, 1895.]

HUNT, J.—A petition for a rehearing has been filed, based upon the ground that counsel for appellants expected to argue the case orally, but could not, because it " became necessary for said counsel to attend the district court at White Sulphur

Springs, Montana, and the nature of his business there was such that he could not, without a violation of professional duty, decline or refuse to give personal attention to it."

The supreme court docket is now nearly eighteen months behind. It is therefore imperatively necessary that causes be submitted upon the dates set for their hearing, to the end that the work of the court may progress. Moreover, if, after causes are set in this court, professional engagements of counsel in other state courts conflict with the sitting of the supreme court, we think the primary duty of counsel is to the appellate tribunal. We must insist upon the enforcements of this unwritten, but manifestly proper, rule.

The excuse of counsel being insufficient, we decline to consider the motion for a rehearing.

*Motion denied.*

DE WITT, J., concurs.

[Submitted February 19, 1895.  Decided March 4, 1895.]