STATE, APPELLANT, *v.* DAKIN, RESPONDENT.

[Submitted March 25, 1895. Decided April 1, 1895.]

APPEAL—*Failure to file briefs.*—On an appeal by the state, where no briefs are filed or oral arguments made, nor the attention of the court directed to any error in the record, the supreme court will conclude that the appellant, by failing to present and prosecute its appeal, intends to abandon the case, and the judgment will be affirmed.

*Appeal from Fifth Judicial District, Madison County.*

INFORMATION for larceny as bailee. The state's demurrer to defendant's plea of former acquittal was overruled by SHOWERS, J. Affirmed.

*H. J. Haskell,* attorney general, *Ella L. Knowles,* and *W. A. Clark,* for the state, Appellant.

PEMBERTON, C. J.—The defendant was tried in the district court in Madison county, under an information charging him with the crime of grand larceny, and acquitted. At the trial it appears the evidence tended to show that the defendant was guilty of grand larceny as a bailee, if guilty at all. After the acquittal of defendant the county attorney filed an information against him charging him with the crime of grand larceny as a bailee. He was tried for the alleged stealing of money belonging to one Sarah McGary. He is charged with stealing the same money, as bailee, in the second information. Upon the filing of the second information the defendant pleaded not guilty, and also filed his special plea of former acquittal in bar. The state demurred to the plea of former acquittal. The demurrer was overruled, and the court ordered the defendant discharged. From this action of the court the state appeals.

In this case no brief has been filed by either party; no oral argument has been made; our attention has not been directed to any error of the court below, or any authority cited, for any purpose, by counsel.

In *Territory of Montana* v. *Mooney,* 8 Mont. 151, the court says: "The court has not had the benefit of brief or oral argument from either side; and we here desire to express our disapproval of the practice of appealing criminal cases to this court, and then neglecting to comply with the rule which requires a statement of points and authorities relied on for appellant. Much labor and time will be saved to the court by observing this rule."

In *Territory of Montana* v. *Stanton,* 8 Mont. 157, the court says: "The appeal is taken by the appellant from the judgment and from an order denying a motion for a new trial. There is no brief filed on either side. I have carefully examined the record in the case, and find no error; and I do not wish to establish a precedent for the future guidance of this court, or one to be overruled in the future, where the attention of the court is not called to any error, or to any authority. For this

reason the judgment and order appealed from will be affirmed without further reasons."

In *Territory of Montana* v. *Roberts*, 9 Mont. 12, the court says: "The appellant was convicted of the crime of murder in the first degree, and this appeal has been taken from the judgment of the court below and the order overruling the motion for new trial. No briefs have been filed, and no arguments have been made, in this action, and we would be justified by many precedents in affirming the judgment without any examination of the transcript. This court has expressed its disapproval of similar conduct upon the part of counsel for appellants; and, while we do not desire to act as censors, we hope that this is the last time that we shall be called upon to comment on the omission of attorneys to perform their important duties. The gravity of the offense demands a careful investigation, although we are embarrassed by our ignorance of the real grounds for taking this appeal."

In the case at bar there is no grave question of human life or liberty involved, as in *Territory of Montana* v. *Roberts, supra*, to demand of this court an investigation of the important legal question presented by the record. Under the circumstances we do not feel that it is our duty to do so. We feel justified in concluding that the appellant, by failing to present and prosecute its appeal in accordance with the rules of practice of this court, intends to abandon the case, and for this reason alone the order and judgment appealed from will be affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.