## No. 10,937.

### THE PEOPLE v. MCPHERSON.

Decided January 5, 1925.

Action against the defendant in error for unlawfully grazing live stock on the public lands. Information quashed and defendant discharged.

*Affirmed.*

1. PUBLIC LANDS—*Implied License.* There is an implied license to use the public lands of the United States, so long as the government does not forbid the use.

2. *Belong to the People.* Public lands of the United States belong to the people of all the states.

3. CONSTITUTIONAL LAW—*Public Lands—Stock Grazing Act.* A state statute—as c. 174, S. L. '23—which attempts to regulate the use of government public land, is void.

4. *Public Lands—Stock Grazing Act.* Chapter 174, S. L. 1923, concerning stock grazing on U. S. public lands, held void as violative of section 2, article 4, of the federal Constitution.

*Error to the County Court of Moffat County, Hon. J. F. Meador, Judge.*

Mr. C. R. MONSON, District Attorney, Mr. WAYNE C. WILLIAMS, Attorney General, Mr. HAROLD CLARK THOMPSON, Assistant, for the people.

Messrs. BRIMMER & BRIMMER, Mr. J. S. BREITENSTEIN, Mr. GEORGE A. PUGHE, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendant in error was arraigned for trial, in the county court of Moffat county, on a charge of having unlawfully and without a license grazed migratory live stock upon the public lands within said county, contrary to the provisions of chapter 174, Session Laws 1923. After the

jury had been impanelled and sworn, a motion to quash the information and discharge the defendant was sustained. The District Attorney brings the cause here on error, in compliance with the provisions of section 7113, C. L. 1921.

The act of 1923 above mentioned defines the term "migratory stock," as live stock, brought or driven into the state by owners who are not residents of this state, for the purpose of grazing them upon the public range, or public lands, for temporary periods of more than ten days. It further provides that nonresident owners of migratory stock thus brought into the state must secure a license therefor, and that the bringing in of such stock for grazing, without having secured a license, shall constitute a misdemeanor. The motion to quash was sustained on the ground that the statute is in contravention of section 2, article 4 of the Constitution of the United States, in that it discriminates in favor of resident stockowners over nonresident stock owners; and that it attempts to regulate the use of the public lands.

The Attorney General concedes that the ruling was right. In support of the ruling counsel quote *Hostetler v. Harris,* 45 Nev. 43, 197 Pac. 697. In that case, a similar statute was held invalid upon the ground that a state cannot abridge or impair an implied license to the people to use the public lands of the United States if left unenclosed. Such a statute was held unconstitutional, for like reasons, in *State v. Butterfield Live Stock Co.,* 17 Idaho, 441, 106 Pac. 455, 26 L. R. A. (N. S.) 1224, 134 Am. St. Rep. 263.

That there is such an implied license to use the public lands of the United States, so long as the government does not forbid the use, was held by this court in *Richards v. Sanderson,* 39 Colo. 270, 89 Pac. 769, 121 Am. St. Rep. 167, following *Buford v. Houtz,* 133 U. S. 320, 10 Sup. Ct. 305, 33 L. Ed. 618. Public lands belong to the people of all the states. *Light v. United States,* 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570. It must, therefore, be held that the statute is void as an attempt to regulate the use of public lands of the federal government. It is void also because it

discriminates between citizens of this state and citizens of other states, contrary to the said constitutional provision. The judgment is supported both on principle and authority, and is accordingly affirmed.