## BERTAGNOLE ET AL. *v.* NICHOLSON

No. 2960

February 3, 1932.                    7 P.(2d)597.

*V. H. Vargas,* District Attorney, and *Geo. P. Annand,* Deputy District Attorney, for Appellant:

*Ashby D. Boyle* and *Chandler, Quayle & Gill,* for Respondents:

## OPINION

By the Court, COLEMAN, C. J.:

Respondents, copartners, residents and citizens of the State of Utah, while grazing about 7,700 head of sheep on the public domain in White Pine County, Nevada, not

being landowners in said state, were confronted with a demand from the appellant, as sheriff of that county, for the payment of a grazing fee of $1,155, pursuant to sections 6679 to 6682, N. C. L., both inclusive, and a collection charge of $2, and, in the event of failure to pay the same, with a threat on the part of said sheriff to seize and sell sufficient of said sheep to pay said amount, and in addition thereto, with a threat to arrest and prosecute respondents for a violation of law.

Contending that the sections authorizing such seizure and arrest by said sheriff are unconstitutional, null and void because discriminative, but, to obviate the annoyance, inconvenience, loss, and expense incident to such seizure and arrest, the respondents paid to said sheriff, under protest, the amount demanded. Thereafter this action was instituted to recover the money so paid. Judgment was rendered in favor of plaintiffs.

The constitutionality of the statutes is the only question presented.

Counsel for appellant frankly state that they are of the opinion that the statutes in question are unconstitutional, but feel that they should be enforced until declared so to be by this court.

The statutes in question provide that nonresidents who drive their sheep into this state to graze upon the uninclosed public domain shall pay a fee of 15 cents per head on all sheep and procure a license to so graze, make it a misdemeanor to fail to comply therewith, and authorize the seizure and sale of enough sheep to pay for such grazing.

Pursuant to the sections in question, citizens of Nevada are exempt from the payment of such license on 1,000 head of sheep. It is further provided that citizens of Nevada shall pay 35 cents per head on each sheep grazed, but that this provision shall not apply to persons who own one or more acres of land in fee simple in the state for each five sheep so owned, grazed, or pastured.

Counsel for appellant suggest that the statutes in question are revenue measures, and as such are valid

pursuant to the rule stated in the following authorities, namely: Shaffer v. Carter, 252 U. S. 50, 40 S. Ct. 221, 64 L. Ed. 445; 2 Cooley on Taxation (3d ed.), 1127; Cooley, Const. Lim. (6th ed.) 242; 22 Am. and Eng. Ency. Law (2d ed.), 917.

However it might be if the sections in question were not discriminatory, it is clear that the rule invoked can have no application in the instant case, for the reason that the statutes clearly discriminate against respondents, in that they own no land in the state and are not exempt from such license to the number of 1,000 head of sheep.

The conclusion reached by the learned trial judge is clearly right. The question is no longer a debatable one. A similar question was before us in Hostetler v. Harris, 45 Nev. 43, 197 P. 697, wherein we held such a discriminatory statute null and void. Since the rendition of that decision the question has arisen in Colorado, where the supreme court followed the Hostetler opinion. People v. McPherson, 76 Colo. 395, 232 P. 675.

A few days after the decision in the Hostetler Case, the supreme court of Arizona reached a like conclusion in Smith v. Mahoney, 22 Ariz. 342, 197 P. 704. To the same effect is the opinion in Reser v. Umatilla Co., 48 Or. 326, 86 P. 595, 120 Am. St. Rep. 815.

There is no dissent from the view expressed in the cases mentioned.

Judgment affirmed.