No. 88-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

NORTHERN BORDER PIPELINE COMPANY, a partnership,
        Plaintiff and Respondent,
    -vs-

THE STATE OF MONTANA; THE DEPARTMENT OF REVENUE OF THE STATE OF
MONTANA;KEN NORDTVEDT, Director of the Department of Revenue of the
State of Montana; VALLEY COUNTY, MONTANA, a political division of the
State of Montana having corporate power; ARDEN NICHOLS, Valley County
Commissioner, ARTHUR ARNOLD, Valley County Commissioner,ELEANOR PRATT,
Valley County Commissioner,MARLA J. DeBRAY, Valley County Treasurer;
ELLEN BYRNES, Valley County Assessor,ROOSEVELT COUNTY, MONTANA, a
political division of the State of Montana having corporate power; JAMES
R HALVERSON, Roosevelt County Commissioner; LaVERN SCHLEDEWITZ, Roosevelt
County Commissioner; ALFRED KASCHUBE, Roosevelt County Commissioner; and
VIRGINIA W PLOUFFE, Roosevelt County Treasurer, LEO F KASCHUBE, Roosevelt
County Assessor,
        Defendants and Appellants.

APPEAL FROM:   The District Court of the Seventeenth Judicial District,
               In and for the County of Valley,
               The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:
        Marc Racicot, Attorney General; Helena, Montana
        Clay R. Smith, Assistant Attorney General; Helena, MT
        David W. Woodgerd, Dept of Revenue; Helena, Montana
        David L Nielsen, Valley County Attorney; Glasgow, MT
        James A McCann, Roosevelt County Attorney; Wolf Point, MT

    For Respondent:
        Michael E Webster and Ronald R Lodders, Crowley, Haughey,
        Hanson, Toole & Dietrich; Billings, Montana

Submitted on Briefs: March 21, 1989

Decided: April 20, 1989

Filed:

_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The defendants above named appeal from an order and judgment of the District Court, Seventeenth Judicial District, Valley County, denying appellants attorneys' fees in a case where the appellants were successful in securing the dissolution of an injunctive order.

The District Court reasoned that it would not award attorneys' fees as an element of damages here because Roosevelt County, Valley County and the State of Montana each pay their respective attorneys a salary for representation in matters affecting those entities, and because the affidavits filed in the case did not show that the attorneys' services burdened the taxpayers beyond their salaries. We uphold and affirm the District Court.

Respondent Northern Border Pipeline Company initiated an action on November 23, 1987, seeking injunctive relief against the imposition of 1987 state property taxes on its pipeline located within the exterior boundaries of the Fort Peck Indian Reservation. Northern Border proceeded under § 15-1-405, MCA, which permits a district court to restrain the collection of any tax or part thereof "where the tax or the part thereof sought to be enjoined is illegal or not authorized by law." As a basis for the injunction, Northern Border set out in its complaint six claims for relief: (1) that the assessing, levying and collecting of taxes by Valley and Roosevelt Counties on the property interests of Northern Border within the exterior boundaries of the Fort Peck Indian Reservation were inconsistent with federal policies and were preempted by federal law; (2) that such assessing, levying and collecting of taxes interfered to an

impermissible extent with the right of the tribes thereon to govern themselves; (3) that no nexus existed between the counties and the property interests of Northern Border located on trust land within the boundaries of the Fort Peck Indian Reservation; (4) that the proposed taxes violated Art. I, Section 8, Clause 3, of the United States Constitution; (5) that the proposed collection of taxes violated Section 4 of the Enabling Act for the State of Montana and Article I of the Montana Constitution; and, (6) that the imposition of taxes by the two counties was confiscatory as to Northern Border and violated Northern Border's rights to equal protection and due process of law under the United States Constitution.

The appellants herein, the defendants below, include the State of Montana, the Montana Department of Revenue and its director, Roosevelt County, Valley County and various officials of those counties.

While the tax dispute was in the District Court, the parties filed cross-motions for summary judgment, and on June 29, 1988, the motion of the appellants was granted and that of Northern Border was denied. In relevant part, the June 29 order dissolved the previously issued preliminary injunction and directed entry of judgment in the appellants' favor.

On July 11, 1988, the appellants filed a motion for attorneys' fees and expenses, requesting $7,027.26 as damages. Of that amount, $5,695.26 was attributed to attorneys' fees, later increased by $192.00; and $1,320.00 was attributed to transportation expenses in connection with two hearings before the District Court in Glasgow, Montana.

In the same order in which the District Court denied the appellants' attorneys' fees, it granted the award for transportation expenses. Northern Border has not cross-appealed as to the transportation expenses. This

appeal relates solely to the item of attorneys' fees claimed by the appellants.

Section 27-19-306, MCA, provides that when a district court grants an injunction or restraining order, the court shall require a written undertaking to be given by the applicant, in such sum as the court considers to be proper, "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." (Emphasis added.)

In Sheridan County Electric Co-op., Inc. v. Ferguson (1951), 124 Mont. 543, 551, 227 P.2d 597, 601, this Court held that:

> Where . . . the sole purpose of the action was to obtain injunctive relief, then after dissolution of the injunction and upon final adjudication, counsel fees are recoverable for defense of the entire suit.

In that case, Ferguson, a minority stockholder of the cooperative, sought to restrain and enjoin the corporation from moving its principal place of business from Westby, Montana, to Medicine Lake, Montana and a restraining order was granted. In that case, also, Ferguson had posted an undertaking. The action by the cooperative was upon the injunction bond after the injunctive order was dissolved, and this Court held in that case:

> The measure of damages in an action on the injunction bond is the amount which will compensate for all the detriment proximately caused by the injunction during the time it is operative, or which in the ordinary course of things, would be likely to result therefrom.

124 Mont. at 549, 227 P.2d at 601.

In Marta v. Smith (1981), 622 P.2d 1011, this Court stretched the right to recover attorneys' fees by a litigant who successfully procures a dissolution of an injunctive

order to cases where an undertaking was not filed. In that case, this Court said:

> . . . Despite the fact that section 27-19-306 provides for recovery by an action on an injunction bond, we apply the same reasonable standard to those actions for attorney fees in which a bond is not involved. In making attorney fees an element of damages under section 27-19-306, the legislature surely did not intend to make the recovery depend on the judge's discretion in demanding an injunction bond. Thus we find that the district judge should have awarded reasonable fees as an element of damages, pursuant to section 27-19-306, MCA, and not as costs of suit.

622 P.2d at 1016.

Thus, Marta clearly established that recovery of attorneys' fees was not dependent upon the furnishing of a bond or undertaking but just as clearly held that reasonable attorneys' fees were an element of damages and not costs of suit.

In this case, appellants are asking this Court to stretch Marta even further, by allowing the recovery of attorneys' fees where no monetary damages are established.

The motion of the Attorney General for attorneys' fees was supported by affidavits from a Deputy Attorney General who claimed 54.5 hours of services at $48 per hour; an attorney for the Department of Revenue, who claimed 32 hours of services at $30 per hour (based on the budget given to the Department of Revenue); another attorney for the Department of Revenue who claimed 18 hours of services at $30 per hour; and the County Attorney of Roosevelt County, who claimed 18 hours of services at $21.07 per hour. Each of the affidavits was made by persons who were salaried employees of the state or of the county.

Section 27-1-202, MCA, defines the right to compensatory damages to persons who suffered detriment from the unlawful

act or omission of another. Although Northern Border did not act unlawfully here in pursuing its perceived rights under § 15-1-405, MCA, under *Marta*, supra, damages in cases such as this include attorneys' fees. Yet, attorneys' fees here were not incurred in the sense that the State and two counties involved would have had the salary expense of the respective attorneys with or without Northern Border's litigation. As the District Court reasoned, no additional burden has been placed upon the taxpayers of any governmental entity by virtue of Northern Border's actions, although the appellants argue that the time spent by the respective attorneys on this litigation was time taken from other matters which those attorneys could have handled. We hold that such a claim for damages is too remote to be considered a proper basis for the assessment of damages.

In this case, no bond or undertaking was required of Northern Border when it applied for its injunctive relief. Part I, Title 15, MCA, provides several alternative remedies that may be taken by a taxpayer that wishes to contest the assessment, levying or collection of a tax. One of those alternatives is the injunctive method provided in § 15-1-405, MCA. No mention in that statute is made that a taxpayer seeking injunctive relief under § 15-1-405, MCA, must comply with the undertaking provisions of § 27-19-306, MCA. It is not necessary to decide that point here, however.

Our decision here does not affect our holding in City of Helena v. Brule (1895), 15 Mont. 429, 39 P.2d 456 where we held that public entities may recover attorneys' fees paid to retain outside counsel as damages for being wrongfully enjoined. Our holding in this case is compatible with the generally accepted view of compensatory damages that the reason for the award of damages is to make the damaged person whole.

- 6 -

We affirm the holding of the District Court.

_____
John C. Sheehy
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____

_____

_____
L. C. Gulbrandson,

_____
William E. Hunt

_____
Justices

Mr. Justice R. C. McDonough dissents:


The rationale of the majority lacks consistency and ignores reality. It carves out an unlisted exception to the meaning of statutory damages as applied to attorney fees and contradicts our previous holding in Sheridan County Electric Co-op, Inc. v. Ferguson (1951), 124 Mont. 543, 221 P.2d 597. Temporary restraining orders and injunctions are extraordinary remedies and if the party obtaining such orders later loses such party should pay the winner's damages as provided by statute. That is the statutory scheme.

There is damage to the State of Montana and the public entities. They here have adequately and with precision proved their reasonable legal costs (damages) as per hour salaried costs. They did not include secondary costs such as pro rata costs of library, equipment, secretarial costs, rent, utilities, etc., which would be charged by private counsel. Hours billed are one way of life between attorneys and clients. To say damages based on proved hours are too remote is to close one's eyes to the way its being done. The taxpayer, or any defendant, should not ultimately bear the cost of damages incurred in a winning defense to an extraordinary remedy, just because in-house counsel are used. Salaried attorneys do not come free. Any legislator, county commissioner, or corporate executive would affirm this statement. A number of these cases requesting declaratory injunctive relief are now and have recently been before this Court.

The message of the majority is that a public entity, a private person or corporation should not use in-house counsel in a defense to an injunction, because only the charges of outside counsel will be reimbursed as statutory legal damage

if one prevails. This is so even though outside counsel's charges in all likelihood will be computed on an hourly basis and in some instances their employment would be costly and inefficient. I would reverse the District Court.

_____
Justice

Justice John C. Harrison and Justice Fred J. Weber concur in the foregoing dissent.

_____
Justices