JONES, APPELLANT, v. JONES, RESPONDENT.

(No. 2,513.)

(Submitted April 6, 1908.   Decided April 11, 1908.)

[94 Pac. 1056.]

*Divorce—Default—Setting Aside—Attorneys—Excusable Neglect.— Discretion—Affidavit of Merits.*

Divorce—Default—Setting Aside—Excusable Neglect—Discretion.
    1.   The granting of a motion to set aside the verdict of the jury and defendant's default in an action for divorce, on the ground of excusable neglect on the part of her attorney, *held* not to have been abuse of discretion, where it appeared that the cause was the third set for hearing on a certain day; that it was at issue; that defendant with her counsel and witnesses were present on said day, ready for trial; that the second cause was then being tried; that defendant's attorney, understanding from counsel in that cause that it would take all day to try it and desiring to go to a neighboring town on a matter of business, asked to have the divorce proceeding continued until the next day; that the judge refused to do so, but that counsel thought he would "take a chance" and left; that he misconstrued a remark of the judge when indicating his purpose to depart; that the case was reached during his absence, tried and a decree entered against his client.

Same—Default—Affidavit of Merits—When Unnecessary.
    2.   The above cause having been at issue and the defendant with her counsel and witnesses present on the day set for trial, ready to proceed, the court had the information that defendant claimed to have a meritorious defense, and therefore the necessity for filing an affidavit of merits did not exist.

Judgment—Setting Aside.
    3.   *Quaere:* May a judgment, after the trial of an issue regularly made by the pleadings, be set aside without a motion for a new trial?

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by H. W. Jones against Nena Jones.   From an order sustaining a motion to set aside the verdict and the default of defendant, plaintiff appeals.   Affirmed.

*Mr. T. P. Stewart,* and *Mr. J. H. Duffy,* for Appellant.

Such neglect of an attorney as is shown in this case is no ground on which to have a judgment set aside.   (*Lowell* v.

*Ames,* 6 Mont. 187, 9 Pac. 826; *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814; *Smith* v. *Tunstead,* 56 Cal. 175; *Welch* v. *Challen,* 31 Kan. 696, 3 Pac. 314; *Harper* v. *Mallory,* 4 Nev. 447; *Hicklin* v. *McClear,* 19 Or. 508, 24 Pac. 992; *Wynn* v. *Frost,* 6 Okla. 89, 50 Pac. 184; *Church* v. *Lacy,* 102 Iowa, 235, 71 N. W. 338.)

In the application or motion of defendant in this action, and her affidavit in support thereof, she does not show any merits whatever. She simply states that she is informed by her attorney and believes that she has a good and meritorious defense to the cause of action alleged in plaintiff's complaint herein, and a good cause of action against plaintiff as is set forth in her cross-complaint on file herein. But neither said cross-complaint nor the facts contained therein are made a part of her said affidavit, and nothing is presented to the court and no facts are stated by which said court can judge whether there is merit in the defendant's defense or not. (*Donnelly* v. *Clark,* 6 Mont. 135, 9 Pac. 887; *Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739; *Bailey* v. *Taaffe,* 29 Cal. 423; *Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *People* v. *Larue,* 66 Cal. 235, 5 Pac. 157; *Morgan* v. *McDonald,* 70 Cal. 32, 11 Pac. 350; *Palmer and Rey* v. *Barclay,* 92 Cal. 199, 28 Pac. 226; 23 Cyclopedia of Law and Procedure, 955, 956; Hayne on New Trial and Appeal, sec. 346.) The affidavit of merits must be by the party and not by his counsel. (*Bailey* v. *Taaffe,* 29 Cal. 423; Hayne on New Trial and Appeal, sec. 346.)

*Messrs. Rodgers & Rodgers,* and *Mr. J. R. Boardman,* for Respondent.

Even if the negligence of an attorney is imputed to the client, yet if it is such excusable negligence as would be excused in the client, then the court did not err in setting aside the default and vacating the judgment. (*Anaconda Mining Co.* v. *Saile,* 16 Mont. 8, 50 Am. St. Rep. 472, 39 Pac. 909; *Dougherty* v. *Nevada Bank,* 68 Cal. 275, 9 Pac. 112; *Freeman* v. *Brown,* 55 Cal. 465; *Howe* v. *Independence Co.,* 29 Cal. 73; *Dodge* v.

*Ridenour,* 62 Cal. 263; *Francis* v. *Cox,* 33 Cal. 323; *Ordway* v. *Suchard,* 31 Iowa, 481.) The public have an interest in the result of a divorce suit, which is always to be jealously guarded with a view to having such actions tried upon their merits. (*Hamilton* v. *Hamilton,* 51 N. Y. Supp. 365, 29 App. Div. 331; *Mulkey* v. *Mulkey,* 100 Cal. 91, 34 Pac. 621; *Locke* v. *Locke,* 18 R. I. 716, 30 Atl. 422; *Bostwick* v. *Bostwick,* 73 Tex. 182, 11 S. W. 178; *McBlain* v. *McBlain,* 77 Cal. 507, 20 Pac. 61; *Rodgers* v. *Nichols,* 15 Okla. 579, 83 Pac. 923; *Simpkins* v. *Simpkins,* 14 Mont. 386, 43 Am. St. Rep. 641, 36 Pac. 759.)

In a case of this character it is unnecessary that any affidavit of merits should be filed. (Bishop on Marriage, Divorce and Separation, vol. 2, sec. 669; *Wadsworth* v. *Wadsworth,* 81 Cal. 182, 15 Am. St. Rep. 38, 22 Pac. 648; *Cottrell* v. *Cottrell,* 83 Cal. 459, 23 Pac. 531; *Cohn* v. *Cohn,* 85 Cal. 109, 24 Pac. 659; *Cooper* v. *Cooper,* 88 Cal. 49, 25 Pac. 1062; *Deyoe* v. *Superior Court,* 140 Cal. 476, 98 Am. St. Rep. 73, 74 Pac. 28.)

MR. JUSTICE SMITH delivered the opinion of the court.

The parties to this action were husband and wife. The plaintiff began the action to obtain a divorce, alleging as grounds therefor extreme cruelty and willful desertion on the part of the defendant. The defendant answered, denying the allegations of the complaint touching the grounds for divorce relied upon by plaintiff, and as an affirmative defense alleged that the plaintiff was guilty of willful desertion and willful neglect of the defendant. The defendant prayed that a decree of divorce be entered in her favor and that she be allowed permanent alimony.

The action was begun in Deer Lodge county, and was regularly set for trial by the court on January 14, 1907, at the hour of 9:30 o'clock A. M., at which hour the defendant, her attorney, and witnesses were present in court ready for trial. It appears that two other causes were set for trial on the same day, this cause being the third in order. The first of said causes was disposed of, and the second was being tried, when the attorney

for the defendant herein requested the presiding judge to continue the trial of this case until the following morning, which the judge refused to do, stating at the time that the case on trial might be settled. The court did, however, continue the case until 2 o'clock in the afternoon, and excused the witnesses until that time. Shortly thereafter defendant's counsel again approached the presiding judge, and stated that the attorneys in the case on trial had informed him that it would take at least all day to try said cause, and that he, the attorney, desired to go to Butte that afternoon, but would return in time to take up the cause the next morning. The presiding judge informed the attorney at this time that the case on trial might be settled, and that it frequently happened that causes were settled even after the jury was impaneled, and it would be dangerous for him to leave. This last conversation was had at about 10:30 o'clock in the morning. About a half hour afterward the attorney again approached the presiding judge, and made the statement that the attorneys in the case on trial thought it might take two days to try that case. As to the balance of the conversation, defendant's attorney and the presiding judge, both of whom filed affidavits in the cause, do not agree. The attorney says in his affidavit that he informed the judge that he had important business in Butte on that day, and thought that he, the attorney, would take a chance that the *Jones Case* would not be called for trial and go to Butte on the next train, which would leave at 11:30 A. M.; that the judge replied: "If you do, nothing serious will happen." The attorney alleges that he took that reply to mean that, in case said cause then on trial should be concluded during the day, this cause would not be called until the next morning. The presiding judge says that in answer to the remark of the attorney he stated that he supposed nothing serious would happen to him, the attorney. He also says that he did not state to the attorney that, if he went to Butte, nothing serious would happen, but only that he supposed nothing serious would happen in the light of the statement made to him, the attorney, by counsel in the case on trial

that it would take at least a day to try the same. It turned out, however, that the cause on trial was disposed of about 2 o'clock in the afternoon, whereupon the witnesses for the plaintiff in this cause being present in court, plaintiff's counsel requested that the cause be tried. The attorney for the defendant not being present, the court waited until 3 o'clock, at the expiration of which time a jury was called, the case was tried in the absence of the defendant and her counsel, a verdict was had in favor of the plaintiff, and a decree entered in accordance with the prayer in his complaint.

On or about the eighteenth day of January, 1907, the defendant through her counsel, filed a motion to set aside the verdict of the jury and the default of defendant, alleging as ground therefor excusable neglect on the part of her attorney. Several affidavits were filed in support of and in resistance to this motion, the substance of which has already been stated. Thereafter an affidavit of disqualification was filed against the presiding judge in Deer Lodge county, and the motion last mentioned was transferred to the second judicial district court for hearing. On September 28, 1907, the last-mentioned court made an order setting aside the judgment, and from the order plaintiff has appealed to this court.

The motion to set aside the judgment was addressed to the sound legal discretion of the trial court. We have carefully examined the affidavits referred to, and we are not prepared to say that the court abused its discretion. In one view of the matter, it may be said that the attorney for the defendant, not having had the positive assurance of the judge that the case would not be called in his absence, was not justified in assuming that he could leave the county seat of Deer Lodge county without risk to his client's interests. Indeed, it appears that the attorney said he thought he would "take a chance." On the other hand, the attorney affirms that he construed the language of the judge to mean that he might go without incurring any risk; and we can see how the judge who made the final order might very well give counsel credit for making this statement in

good faith. At any rate, this is not a case where we can say that the court abused that sound legal discretion which it was its duty to exercise in the premises, and the order must be affirmed.

It is suggested by counsel for the appellant that, before the court was justified in setting aside the judgment, an affidavit of merits should have been presented on the part of the defendant. This, however, is not a case where the reason for filing an affidavit of merits is present. The cause was at issue, the defendant, her counsel, and witnesses were present on the day the cause was set for trial, ready to proceed. This being the situation, the court had the information that the defendant claimed to have a meritorious defense to the action, and no affidavit of merits was necessary.

We have decided this case upon the question presented by the briefs of counsel for both parties. The decision must not, however, be construed as a holding that, after the trial of an issue regularly made by the pleadings, a judgment may be set aside without a motion for a new trial. This question was not presented, and is not decided. We also pass the question whether a motion to vacate a verdict and set aside a default is sufficiently broad to justify an order setting aside a judgment.

The order of the district court of Silver Bow county is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.