BROWN, APPELLANT, v. WEINSTEIN, RESPONDENT.

(No. 2,737.)

(Submitted December 15, 1909.  Decided December 24, 1909.)

[105 Pac. 730.]

*Default    Judgment — Setting    Aside — Discretion — Excusable*
*Neglect.*

1.  Where, from the showing made on a motion to set aside a de-
fault judgment, it appeared that after argument on a motion to
quash service of process the district judge had suggested to defendant's
counsel personally that the matter be submitted to his successor in
office, to which counsel consented; that the judge also stated from
the bench (whether in counsel's presence or not did not appear), that
the motion to quash would be decided shortly; and that unknown to
counsel the motion had been overruled and default entered, the
court did not abuse its discretion in opening the default, especially
in view of a rule of court which, while not giving counsel an abso-
lute right to receive notice of any action of the court, might well
have led him to believe that he would be notified of the overruling
of his motion.

*Appeal from District Court, Lewis and Clark County; J.*
*Miller Smith, Judge.*

ACTION by Eva B. Brown against Samuel Weinstein.  From
an order setting aside a default judgment, plaintiff appeals.
Affirmed.

*Mr. Henry R. Thompson* submitted a brief and argued the
cause orally in behalf of Appellant.

For Respondent there was a brief by *Messrs. Walsh & Nolan,*
and oral argument by *Mr. C. B. Nolan.*

MR. JUSTICE SMITH delivered the opinion of the court.

On the ninth day of February, 1907, the plaintiff began an
action in the district court of Lewis and Clark county to re-
cover a personal judgment against the defendant for the sum
of $350.   Summons was issued and returned unserved.   On No-
vember 17, 1908, an *alias* summons was issued, and personal

service was had upon the defendant, who thereupon entered a special appearance by counsel, and moved to quash the service for the reason that the *alias* summons was issued more than a year after the filing of the complaint. On December 19, 1908, the motion was argued by counsel for both parties before the Honorable Thomas C. Bach, one of the judges of the district court, and taken under advisement. On December 28, 1908, the motion was overruled. On January 20, 1909, the default of the defendant was entered, and on January 29, 1909, judgment was rendered in favor of the plaintiff for the amount demanded in the complaint. On February 2, 1909, the defendant filed a motion to set aside the default judgment and for permission to answer. This motion was granted, and plaintiff has appealed from the order.

As we understand the record, the only question presented is whether the court below abused its discretion in holding that the defendant had made out a case of excusable neglect on the part of his counsel. In support of the motion the latter, C. B. Nolan, Esq., filed his affidavit, in which he set forth that after the motion to quash the service of summons was argued, and before it was decided, Judge Bach "spoke to affiant, and inquired as to whether or not he would insist upon the motions which were submitted to the judge being determined by him before going out of office on the first Monday in January, 1909, and suggested in that connection that, as these matters submitted to him involved legal propositions, and as the cases in which the matters were submitted could not finally be determined by him, it was proper that these legal propositions should be submitted to his successor who should finally try the case; that at the time this conversation took place with the said judge there were under consideration by him the motion heretofore referred to, as well as other motions, and from the conversation this affiant believed that all the matters then being considered would remain undetermined, and would again be submitted to the successor of Judge Bach; that affiant was informed for the first time on or about the twenty-eighth day of January, 1909, that a default had been entered, and that the

motion had been overruled on December 28; that under the rules of the court notice should be given him or his client that the motion had been overruled, but no such notice was given." The rule of court is as follows: "VIII. It shall be the duty of the clerk within twenty-four hours after any order or decision is made in a cause, in the absence of counsel, to notify the counsel in the case of the substance of the order by mail. This rule is only intended, however, to accommodate counsel, and a failure to observe the same shall have no effect upon the cause in which the order or decision is made."

On the part of the plaintiff, her counsel, Henry R. Thompson, Esq., filed an affidavit, in which he set forth "that upon the conclusion of the argument [of the motion to quash] or very shortly before its conclusion, Judge Bach spoke to Mr. Nolan and inquired if he had any objection to certain motions then pending in other actions being heard by his successor, stating at the same time that other matters would have to be decided in relation to the several cases, to which Mr. Nolan replied that he had no objection and would perhaps prefer them to be heard by Judge J. Miller Smith in order to inform him of the nature of the cases more fully than might otherwise happen. Affiant further says that at the time no mention was made of the disposition of this motion, and Judge Bach stated from the bench, in this affiant's presence, that he would render his decision on the motion just heard in a few days." Charles D. Curtis, the court bailiff, testified orally as follows: "I remember, and am positive, that Judge Bach stated distinctly from the bench that he would take this motion under advisement and render his decision before he went off the bench."

It will be observed that Mr. Nolan states that his conversation with Judge Bach took place after the motion came on for hearing, and the affidavit seems to indicate that it was had with the judge personally, although the testimony of Mr. Thompson and Mr. Curtis shows that the subject was also referred to while the judge was upon the bench. There can be no doubt that Judge Bach stated from the bench that he would decide the motion referred to in a few days or before he went out of office, but it

does not appear that Mr. Nolan was present at the time. The rule referred to did not give counsel any absolute right to receive notice. It was framed by the writer of this opinion, and was only intended, as its phraseology clearly indicates, to accommodate counsel. But the rule might well lead Mr. Nolan to believe that he would receive notice when his motion was decided, and may properly be considered by the court in determining whether his neglect was, under all the circumstances, excusable. In the case of *Jones* v. *Jones,* 37 Mont. 155, 94 Pac. 1056, this court said: "The attorney affirms that he construed the language of the judge to mean that he might go without incurring any risk, and we can see how the judge who made the final order might well give counsel credit for making this statement in good faith." (See, also, *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147.) As was said in the latter case, this court has had occasion to consider such orders so often that the principle of law involved is well settled. Every case must be decided upon its own facts. In the case at bar Mr. Nolan declares that from the conversation with Judge Bach he believed that all matters then being considered would remain undecided, and would be resubmitted to the judge's successor in office. The order appealed from was made by such successor, and we are not inclined to say that he abused that sound legal discretion with which he was vested in determining that the neglect of counsel to inform himself of the order of the court was excusable.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.