THOMAS, APPELLANT, *v.* CHAMBERS ET AL., RESPONDENT.

[Submitted February 12, 1894.   Decided May 14, 1894.]

JUDGMENT BY DEFAULT—*Motion to vacate—Sufficiency of grounds.*—Though a defendant may have a meritorious defense to an action the mere neglect of his counsel to file an answer in time, which neglect is neither explained or excused, is not a ground upon which a default judgment may be vacated under section 116 of the Code of Civil Procedure, providing that a party may be relieved from a judgment taken by mistake, inadvertence, surprise, or excusable neglect.

*Appeal from Eighth Judicial District, Cascade County.*

DEFENDANTS' motion to vacate the judgment was granted by BENTON, J.   Reversed.

*Ed L. Bishop*, for Appellant.

Judgment will not be set aside without affidavit of excusable neglect or inadvertence and also of merits.   (*Lamb* v. *Gaston etc. Co.*, 1 Mont. 64; 3 Estee's Pleadings, 362; *Bailey* v. *Taaffe*, 29 Cal. 424.)   The only excuse respondents attempt to set up is the negligence of their attorney.   Negligence of attorney or agent is uniformly treated as the negligence of the client or principal, except in New York and North Carolina.   (Freeman on Judgments, § 112, and cases cited.)   Act or omission of attorney is act or omission of client, and no negligence will be excusable in the former, which would not be in the latter. (1 Black on Judgments, 341, and cases cited.)   Mistake or neglect of attorney is not ground for vacating a judgment unless the mistake or negligence would be excusable if attributable to the client.   (12 Am. & Eng. Ency. of Law, 135, and cases cited.)   A judgment will not be vacated because an attorney neglected to file the pleading in due time.   (12 Am. & Eng. Ency. of Law, 135, and cases cited.)

*Thomas E. Brady*, for Respondents.

Whether any particular state of facts do or do not constitute the inadvertence or excusable neglect for which a party may obtain relief under any statute, is not determined by the statute itself, but is left entirely to the discretion of the trial

judge or court. (*Benedict* v. *Spendiff*, 9 Mont. 88.) This court has expressly refused to adopt the rule held by some of the California cases that the neglect of an attorney furnishes no ground for vacating a judgment rendered through such neglect. (*Briscoe* v. *McCaffery*, 8 Mont. 336.) And has reversed a trial court for refusing to set aside a judgment in a case where attorneys who had been employed failed to plead in time. (*Heardt* v. *McAllister*, 9 Mont. 405; *Cleveland* v. *Burnham*, 55 Wis. 598. See, also, *Whiteside* v. *Logan*, 7 Mont. 381; *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 20; *Jensen* v. *Barbour*, 12 Mont. 576.) Mrs. Chambers having intrusted her husband with attending to her defense, was properly relieved from the judgment. (*Nicholson* v. *Cox*, 83 N. C. 44; 35 Am. Rep. 556.)

Per Curiam.—In the court below, the appellant recovered judgment by default against the respondents. The respondents had been personally served with summons, and employed counsel to defend the action. Within ten days from date of service of summons on the defendants, their counsel filed a demurrer to the complaint. The demurrer, upon a hearing, was by the court overruled, and the defendants given five days thereafter to answer the complaint. No answer having been filed within that time, judgment was regularly rendered, for want thereof, against the defendants. Thereafter the defendants filed their motion, supported by affidavit and accompanied by answer, to set aside said judgment. The court granted the motion. From this action of the court this appeal is prosecuted.

The affidavit of James Chambers in support of the motion to set aside the judgment is as follows: "James Chambers, being first duly sworn, says that he is one of the defendants in the above-entitled action, and that the codefendant is his wife; that the summons herein was served upon him and his wife on the thirteenth day of December, 1892; that within the period of time allowed by law for him to appear in and answer to the complaint herein, and within ten days from the time of said service, to wit, on the eighteenth day of December, 1892, he did employ one Peter M. Baum, a duly authorized

practitioner at the bar of Cascade county, to *render* appearance for him and his said wife, and to interpose their defense to this action; that, at the time of so engaging the said Peter M. Baum, deponent did pay him the retainer fee which was asked by the said Baum herein, and was advised by the said Peter M. Baum that he would, at the proper time, interpose his defense, and communicate with him as to when he would need his signature to any pleadings; whereupon, on or about the twenty-third day of December, 1892, as deponent is informed and believes, the said Peter M. Baum did, in behalf of defense, interpose a demurrer to plaintiff's complaint herein, which was on the ——— day of January, 1893, passed upon by the court and overruled, and defendants, as appears by the record of the court proceedings herein, were granted five days within which to file answer to said complaint. Deponent alleges that he and his codefendant relied absolutely and entirely upon their said attorney, Peter M. Baum, to prepare the pleadings in the above case, and attend to all the preliminaries necessary in preparing said case for trial. Deponent alleges further that at no time previous to the nineteenth day of January, 1893, were he or his codefendant advised of the action of this court, and they had no communication nor advice from their said attorney as to the condition of their case until said last-mentioned date, when, accidentally, deponent was advised that said demurrer had been overruled, the time to file defendants' answer had expired, that the defendants were in default, and a judgment had been entered for the plaintiff against them, for the sum of ——— dollars; that defendants did, upon learning said facts, employ counsel at once to make application to this court to open said default and set aside aforesaid judgment."

The affidavit also alleges that defendants have a meritorious defense to the action, and tenders an answer, which apparently contains a complete defense, if the facts alleged therein are true.

Our statute provides that the court may, upon such terms as may be just and the payment of costs, relieve a party or his legal representative from a judgment taken against him by mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., § 116.) The question for us to determine is, Have the respondents, by this affidavit, brought themselves within

the provisions of this statute?  They show that they employed counsel to defend this action.  Their counsel failed or neglected to prepare and have filed their answer within the time fixed by the court.  No reason is given why he failed or neglected to do so.  The failure or neglect to file answer is in no way sought to be excused.  No excusable neglect is shown, or sought to be shown.  If this judgment, upon this showing, can be set aside, then any judgment by default can be set aside for the simple asking.  We see no such showing of excusable neglect as to authorize the court, in the exercise of judicial discretion, to set aside the judgment in this case.

The order of the court below setting aside the judgment is reversed.

*Reversed.*

All concur.