CHAMBERS ET AL., APPELLANTS, *v.* THE CITY OF BUTTE, RESPONDENT.

[Submitted April 18, 1895. Decided April 22, 1895.]

DEFAULT—*Judgment by—Vacation.*—Granting a motion to vac ate a default against a city is an abuse of discretion where the affidavit filed in support of the motion and to show excusable neglect merely stated that affiant, who was the city attorney at the time of the motion, had an impression from some source that the matter was disposed of and that he was unable to state why the city was allowed to be in default, and it also appeared from the record that the default was taken over five years after the defendant's time for answering had expired and was then suffered to stand for fifteen months without any effort being made to vacate it.

*Appeal from Second Judicial District, Silver Bow County.*

DEFENDANT'S motion to set aside a default and judgment was granted by McHatton, J. Reversed.

Statement of the case by the justice delivering the opinion.

This is an appeal from the order of the district court granting a motion to open a default. The facts upon which the

motion was granted are as follows:    Complaint was filed July 31, 1882.    The demurrer of the city of Butte was filed January 12, 1884.    On October 3, 1885, the demurrer of the city was withdrawn, and defendant granted until November 15th to answer.    On March 4, 1891, no answer of that defendant being filed, its default was entered.    On June 18, 1892, the plaintiffs proved up their case against the defendant, the city of Butte, and judgment was entered.    The action was in the nature of ejectment.    On August 2, 1892, the defendant made a motion to set aside the default and the judgment.    The motion was made upon the record, and also upon the affidavit of Mr. John W. Cotter, city attorney of Butte. After stating some formal facts, and also the facts of the record which are above recited, the affidavit continues as follows:

"That, at the time said default was entered, I had no knowledge of the existence of the pendency of the action against the city of Butte until some time during the winter of 1891-92, or the spring of 1892, or later.    That, when I first learned of said action, I was informed or received an impression from some source, that the matter as to the said city of Butte had been disposed of, or that it was not to be pressed against the said city, and am unable to state from what source I received the said information or impression.    That on or about the 18th day of June, A. D. 1892, the plaintiffs proved up in said action against the defendant, the city of Butte, and others, and that a judgment has been entered in said cause against this defendant and others.    That affiant is informed and believes that the city of Butte has a good and valid defense against the said action so far as the said city is concerned, and, if it has an opportunity to defend the same, that it will be able to show a good and meritorious defense.    Affiant is unable to state why the said city was allowed to be in default in this matter, as its default was entered before my term of office began, and during the incumbency of my predecessor in said office.    Affiant herewith presents a verified answer of the defendant, the city of Butte, to the said action, said answer being verified by Lee

Mantle, mayor of the said city, and asks leave to file the same, and asks that the said default and judgment be set aside, and that the city be allowed to defend the said action.

[Signed]                                    JOHN W. COTTER.''

The default was opened.    The plaintiffs appeal.

*William Scallon,* for Appellants.

*John W. Cotter,* for Respondent.

DE WITT, J.—It appears that the defendant's answer was due on November 15, 1885.    About five years and a half elapsed without any answer being filed.    Its default being entered, fifteen months elapsed without any effort to obtain leave to set aside the default, or to file answer when the application was made.    We are of opinion that the facts set up do not show any excusable neglect.    Seven years elapsed without the defendant's making an attempt to file an answer.    It is a matter of which we have knowledge, from the laws of the state, that a municipal corporation like the city of Butte is constantly represented by an attorney.    Nothing whatever appears to show why the city did not attempt to ask leave to file an answer.    It is simply shown that the gentleman who was the city attorney of Butte, when the application to set aside the judgment and default was made had an impression from some source that the matter was disposed of.    He, in his affidavit, says that he was unable to state why the city was allowed to be in default.    We are of opinion that the city was utterly and absolutely without excuse, and that there is nothing in the record to show that the lower court exercised a reasonable discretion in setting aside the judgment and the default.    (*City of Helena* v. *Brule,* 15 Mont. 429; *Thomas* v. *Chambers,* 14 Mont. 423.)

The order setting aside the default is reversed, and the case is remanded, with directions that the judgment against the city of Butte be affirmed.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.