SCILLEY, APPELLANT, *v.* BABCOCK ET AL., RESPONDENTS.

(No. 2,708.)

(Submitted October 28, 1909. Decided November 8, 1909.)

[104 Pac. 677.]

*Default Judgments—Vacating—Abuse of Discretion.*

1. *Held,* that the district court abused its discretion in vacating a default judgment on a showing that, while the attorney of the moving party had promised to defend the action, he had failed to file an answer because, being a candidate for public office, he had been so busily engaged in a canvass for votes that he forgot all about the matter.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

ACTION by James Scilley against C. H. Babcock and another. From an order vacating a default judgment, plaintiff appeals. Reversed.

*Mr. W. M. Johnston* filed a brief in behalf of Appellant and argued the cause orally.

The sole ground upon which it was sought to set aside the judgment was the neglect of counsel. This neglect was inexcusable; the neglect of counsel was the neglect of defendant and, being inexcusable, the court abused its discretion in vacating the judgment. (23 Cyc. 939; *Morris* v. *Wofford,* 114 Ga. 935, 41 S. E. 56; *Phillips* v. *Collier,* 87 Ga. 66, 13 S. E. 260; *McDaniel* v. *McLendon,* 85 Ga. 614, 11 S. E. 869; *Schultz* v. *Meiselbar,* 144 Ill. 26, 32 N. E. 550; *Moore* v. *Horner,* 146 Ind. 287, 45 N. E. 341; *American Brewing Co.* v. *Jergens,* 21 Ind. App. 595, 52 N. E. 820; *Parker* v. *Indianapolis Nat. Bank,* 1 Ind. App. 462, 27 N. E. 650; *Church* v. *Lacy,* 102 Iowa, 235, 71 N. W. 338; *Reiher* v. *Webb,* 73 Iowa, 559, 35 N. W. 631; *Welch* v. *Challen,* 31 Kan. 696, 3 Pac. 314; *Patterson* v. *Yancey,* 97 Mo. App. 681, 71 S. W. 845; *Trustees* v. *Allen,* 165 Mass. 178, 42 N. E. 570; *Butler* v. *Morse,* 66 N. H. 429, 23 Atl. 90; *Merrill* v. *Roberts,* 78 Tex. 28, 14 S. W. 254; *Wooley* v. *Sullivan* (Tex. Civ. App.), 43 S. W. 919; *Sanborn* v. *Centralia F. M. Co.,* 5 Wash. 150, 31 Pac. 466.)

Brief in behalf of Respondents by *Mr. O. F. Goddard,* and *Mr. H. C. Crippen;* oral argument by the latter.

The granting or refusal to set aside a judgment is addressed to the sound legal discretion of the trial judge, and unless there has been an abuse of such discretion the appellate court will not disturb the action of the lower court. (*Williamson* v. *Cummings R. D. Co.,* 95 Cal. 652, 30 Pac. 762; *Bailey* v. *Taaffe,* 29 Cal. 423; *Jensen* v. *Barbour,* 12 Mont. 566, 31 Pac. 592; *Wat-*

*son* v. *San Francisco etc. R. Co.,* 41 Cal. 17; *Benedict* v. *Spendiff,* 9 Mont. 88, 22 Pac. 500.)    In the case at bar the defendants present an answer showing an absolutely good defense on the merits, which was doubtless considered by the trial judge, and should be considered by this court, in determining the question as to whether it is not a case which should be tried upon the merits; and also upon the question of the diligence used by the defendants.    (*Heardt* v. *McAllister,* 9 Mont. 405, 24 Pac. 263; *Griswold Linseed Oil Co.* v. *Lee,* 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955; *Whiteside* v. *Logan,* 7 Mont. 374, 17 Pac. 34; *In re Davis' Estate,* 15 Mont. 347, 39 Pac. 292; *Anaconda Min. Co.* v. *Saile,* 16 Mont. 8, 50 Am. St. Rep. 472, 39 Pac. 909; *Haggerty* v. *Walker,* 21 Neb. 596, 33 N. W. 244; *Morse* v. *Callantine,* 19 Mont. 87, 47 Pac. 635; *Lathrop* v. *O'Brien,* 47 Minn. 428, 50 N. W. 530; *Peterson* v. *Coch,* 110 Iowa, 19, 80 Am. St. Rep. 261, 81 N. W. 160.)

MR. JUSTICE SMITH delivered the opinion of the court,

Plaintiff began his action in the district court of Carbon county to reform a written instrument, and enforce specific performance thereof after reformation.    The defendants, having been regularly served with process, failed to appear and answer the complaint within the time allowed by law, whereupon, on November 2, 1908, their default was entered, and on December 17, 1908, the court rendered a decree in favor of the plaintiff in accordance with the prayer of the complaint.    On January 8, 1909, the defendants served and filed a motion to vacate and set aside the judgment and open the default entered against them, which motion was accompanied by the affidavit of the defendant G. H. Babcock and a proposed answer to the complaint.    The affidavit sets forth that, upon being served with process, the defendants employed an attorney residing at Red Lodge to defend the action; that the attorney promised to do so, but failed to appear or make any defense, and allowed the action to go by default.    There is in the affidavit an intimation that the attorney acted intentionally in failing to protect the rights of the defendants; but an

affidavit afterward filed by the attorney of his own motion, and other affidavits filed by the plaintiff and his attorney, clearly show that this was not the case, but rather that the attorney, who was a candidate for public office at the time, in the heat of the political campaign and because of the fact that he was busily engaged in the canvass for votes, simply forgot all about the matter. On the showing made, however, the district court set aside the judgment, opened the default, and allowed the defendants to answer. From the order of the court an appeal is taken.

We are of opinion that the court abused its discretion in the premises. (See *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac. 456; *Chambers* v. *City of Butte,* 16 Mont. 90, 40 Pac. 71; *S. C. Herbst Importing Co.* v. *Hogan,* 16 Mont. 384, 41 Pac. 135; *Butte Butchering Co.* v. *Clarke,* 19 Mont. 306, 48 Pac. 303; *Hancock* v. *Pico,* 40 Cal. 153; 23 Cyc. 939.) The order appealed from is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY. and MR. JUSTICE HOLLOWAY concur.

