## CANNING, RESPONDENT, *v.* FRIED, APPELLANT.

(No. 3,362.)

(Submitted February 5, 1914. Decided February 27, 1914.)

[139 Pac. 448.]

*Bills of Exceptions—Time for Presenting—Statutes—Default—Setting Aside—Showing Necessary—Practice—New Trial Order—Appeal—Special Order After Final Judgment.*

Bills of Exceptions—Time for Settlement—Unlawful Extension of Time.
　　1.　Under section 7190, Revised Codes, the time for presenting a bill of exceptions for settlement may not be extended for a period of time exceeding ninety days without the consent of the adverse party; hence objection to the settlement of a bill on the ground that it came too late should have been sustained, where an extension of time in excess of that above mentioned was granted without the adversary's consent.

Same—Default—Relief from—Showing Required.
　　2.　Ignorance of the law as declared in section 7190, referred to in paragraph 1, *supra,* does not constitute an excuse within the meaning of section 6589, Revised Codes, authorizing the district court to relieve a party of his default upon a showing of mistake, inadvertence, excusable neglect, *etc.*—assuming the latter section to be applicable to the default of a party in failing to present his bill of exceptions in time for settlement.

Same—Discretion—Must be Put in Motion.
　　3.　The rule that if, upon a motion to set aside a default, the showing made leaves the court in doubt, it should be resolved in favor of the motion, presupposes that a proper showing has been made; in the absence of a showing, the court's discretion is not set in motion.

Same—Untimely Presentation—Practice.
　　4.　Where a bill of exceptions is presented too late for settlement, it should be settled, after incorporation of the adverse party's objections, and the motion for new trial denied, or the court may refuse to settle the bill because presented too late.

Appeal—Correct Ruling—Wrong Reason.
　　5.　A correct ruling of the district court, though based upon a wrong reason, will be upheld on appeal.

New Trial Order—Notice of Intention—Record on Appeal.
　　6.　In the absence from the record of a copy of the notice of intention to move for a new trial, the supreme court may not pass upon the merits of the motion.

Special Order After Final Judgment—Appealable Order—Review.
　　7.　An order refusing to set aside a judgment is a special one made after final judgment and appealable as such (Rev. Codes, sec. 7098); hence may not be reviewed on appeal from a new trial order.

*Appeal from District Court, Silver Bow County; J. B. Poindexter, a Judge of the Fifth Judicial District, presiding.*

ACTION by Matthew T. Canning against Max Fried. Judgment for plaintiff. Appeal by defendant from an order denying a new trial. Affirmed.

*Mr. Peter Breen,* for Appellant, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

*Mr. Willliam Meyer,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 26, 1912, a judgment upon a verdict was entered in favor of the plaintiff and against the defendant, in an action for damages for malicious prosecution. Some time thereafter— the record does not disclose when—defendant was granted sixty days, in addition to the time allowed by law, within which to prepare a bill of exceptions in support of his motion for a new trial. On April 26 another like order was made, and on July 1 a third extension of sixty days' additional time was granted by the trial court. All of these orders extending the time were made without the consent of the adverse party. The bill of exceptions was finally served on August 30, 1912. Plaintiff immediately presented written objections to its settlement on the ground that it had not been presented in time. Defendant then moved the court to relieve him from his default in failing to present the proposed bill within seasonable time, upon the grounds of mistake, inadvertence, surprise and excusable neglect, and supported the motion by an affidavit of Mr. T. T. Lyon, his former attorney. On December 19, 1912, the court granted this motion on condition that plaintiff's objections and these other subsequent proceedings be incorporated in the bill, and further time was granted for the presentation and settlement. The suggested amendments were made, the bill of exceptions settled on February 13, 1913, and the motion for a new trial denied on March 8, 1913.

Section 6788, Revised Codes, requires that a bill of exceptions shall be presented for settlement within ten days after the entry of the judgment upon a verdict, or within such further time as the court or judge may allow. Section 7190, Revised Codes, [1] provides that the court or judge cannot extend the time for presenting a bill of exceptions more than ninety days without the consent of the adverse party; so that the order made on July 1, 1912, granting defendant further time was a nullity, and the bill of exceptions presented on August 30, came too late and plaintiff's objection to it upon that ground, was well taken.

Without determining whether the provisions of section 6589, Revised Codes, have any application to the predicament in which [2, 3] a party finds himself when he has not presented his bill of exceptions in time, but assuming that he is then in default and may invoke the rule of that section for relief, still the authority conferred can be exercised only when the discretion of the court is set in motion by an application supported by a showing of mistake, inadvertence, surprise or excusable neglect. If defendant can claim any benefit under that section, it is only by complying with its requirements. The affidavit of Mr. Lyon upon which defendant relied and the trial court acted is barren of any facts which tend to excuse the delay. It is asserted in the affidavit that the bill of exceptions could not be prepared without a transcript of the stenographer's notes of the testimony taken at the trial; that the affiant made repeated requests of the stenographer for such a transcript; that the stenographer informed him it could not be delivered until the latter part of June and in fact was not secured until June 25. There is not presented any affidavit by the stenographer, and Mr. Lyon is altogether silent as to when the demands upon the stenographer were made or whether he tendered the legal fees. For all that he says, he may not have requested the transcript until June. There is not a word in explanation of the stenographer's delay. Nothing is disclosed as to whether Mr. Lyon applied to the district court for an order compelling the stenographer to deliver the transcript at an earlier date. All that we have from the

stenographer is conveyed by a hearsay declaration, which under these circumstances is not entitled to any evidentiary value. Mr. Lyon is frank enough to say in his affidavit: ''That the deponent was not aware of the time  *  *  *  of such limitation upon the court's power to grant such extension of time and therefore did not procure the consent of counsel of plaintiff to such order.''  But a mistake as to the law is not the mistake contemplated by section 6589 above, and ignorance of the law does not constitute an excuse within the meaning of that statute. (*Willoburn Ranch Co.* v. *Yegen,* 45 Mont. 254, 122 Pac. 915; *Donlan* v. *Thompson Falls C. & M. Co.,* 42 Mont. 257, 112 Pac. 445; *Mantle* v. *Casey,* 31 Mont. 408, 78 Pac. 591.)

It is the rule in this state that if upon a motion to set aside a default the showing made leaves in the mind of the court a doubt as to whether it should be granted, that doubt is to be resolved in favor of the motion (*Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693), but the rule presupposes that a proper showing under the statute has been made, and in many instances where defaults have been set aside without such showing, the orders have been reversed. (*Lovell* v. *Willis,* 46 Mont. 581, 129 Pac. 1052; *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677; *Chambers* v. *City of Butte,* 16 Mont. 90, 40 Pac. 71; *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814.)

The very purpose of section 7190 in fixing a limit upon the period of time which the court may grant for the presentation of a bill of exceptions is to compel diligence by the moving party and to prevent unreasonable delays such as occurred in this instance, which have been the cause of much animadversion upon the administration of our law.  Mr. Lyon's affidavit is eloquent with silence as to any facts showing diligence on his part or any excuse for the delay of more than five months in presenting the [4] bill of exceptions for settlement.  After plaintiff's objections were incorporated, the bill should have been settled and the motion for a new trial denied upon the ground that the bill was not presented in time and therefore could not be considered. This would have conformed to the practice indicated in *Sweeney*

v. *Great Falls & C. Ry. Co.,* 11 Mont. 34, 27 Pac. 347, and approved in *Arnold* v. *Sinclair,* 12 Mont. 248, 29 Pac. 1124, and in *Vreeland* v. *Edens,* 35 Mont. 413, 89 Pac. 735; or the court might have refused to settle the bill because presented too late., (*Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820; *Beach* v. *Spokane Ranch & W. Co.,* 25 Mont. 367, 65 Pac. 106.) But if the [5] trial court's ruling upon the motion was right, it will be approved even though it was prompted by a wrong reason. (*Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883; *Butte* v. *Goodwin,* 47 Mont. 155, 134 Pac. 670; *Marron* v. *Great Northern Ry. Co.,* 46 Mont. 593, 129 Pac. 1055.) The ruling can be justified upon the ground that the bill of exceptions was not presented in time, and no valid excuse being offered for the delay, it could not be considered.

Counsel for appellant invoke the rule repeatedly announced by this court, that every matter should be considered upon its [6] merits, if possible; but counsel overlook the fact that it is absolutely impossible in this case to determine appellant's motion for a new trial upon the merits, even if we had before us a bill of exceptions presented in time. Our Code prescribes the grounds upon which a new trial may be granted (section 6794, Rev. Codes), and it cannot be granted upon any other. (*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.) The grounds of a motion can be disclosed only by the notice of intention which is required to be filed within ten days after receipt of notice of the entry of judgment. (Section 6796.) This record is silent as to whether a notice of intention was ever filed. To the end that this court may review an order granting or refusing a new trial, it must be apprised of the grounds of the motion, and section 7114 requires that the appellant shall furnish this court with a duly authenticated record containing a copy of the notice of intention. The appellant in this instance has failed to comply with that requirement. The record before us does not contain any copy of the notice of intention, nor does it mention such a paper, and in its absence it is impossible for us to know whether there was any merit in appellant's motion.

On September 24, 1912, defendant moved the trial court to [7] set aside the judgment entered in this cause, on the ground that the judge who presided at the trial had no authority to do so. The motion was overruled and we are now asked to review that order upon this appeal. The order was a special one made after final judgment and as such is made appealable by section 7098, Revised Codes. The proceeding upon that motion is no part of the new trial proceeding, and in the absence of a separate appeal, the ruling upon that motion is not before us for review.

The order refusing a new trial is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.