MOREHOUSE ET AL., APPELLANTS, *v.* BYNUM ET AL., RESPONDENTS.

(No. 3,562.)

(Submitted September 18, 1915. Decided October 13, 1915.)

[152 Pac. 477.]

*Default Judgments — Vacation — Proposed Answer — Presumptions—Bill of Exceptions—Policy of Law—Trial on Merits—Date—Immaterial Error.*

Default Judgments—Vacation—Evidence—Sufficiency.
    1. An order setting aside a default judgment will be allowed to stand in the absence of a showing that the evidence presented was insufficient to warrant the relief.

Same—Vacation—Limitation of Time—Inapplicability.
    2. The provision of section 6589, Revised Codes, that a motion to vacate a default judgment must be presented within six months "after such judgment was taken," applies only to the case of one who seeks relief from the consequences of his own, not someone else's, mistake, inadvertence, surprise or excusable neglect.

    [As to vacation of judgment on account of negligence or mistake of attorney, see note in 96 Am. St. Rep. 108.]

Appeal and Error—Technicalities.
    3.   Distinctions of useless nicety in the use of words are not viewed with favor by the supreme court on appeal.

Default Judgments—Proposed Answer—Bill of Exceptions—Presumptions.
    4.   Where the bill of exceptions on appeal from an order vacating a default judgment recited that defendant's proposed answer was submitted to the court at the time the motion was heard, it will be presumed on appeal, in its absence from the bill, that the answer was sufficient to present a defense upon the merits, and that defendant would be injuriously affected by the judgment if permitted to stand.

Same—Vacation—When Motion to be Granted.
    5.   A motion to set aside a default judgment, if made promptly and supported by a showing which convinces the court of its merits, or which leaves the court in doubt, or upon which reasonable minds might differ, should be granted.

    [As to necessity that defendant in equitable action to set aside a judgment should have a meritorious defense, see note in Ann. Cas. 1913E, 124.]

Same—Policy of Law—Trial on Merits.
    6.   It is the policy of the law that every action or proceeding be heard upon its merits.

Same—Codefendants—Error in Order.
    7.   Where one of two defendants against whom a default judgment had been entered did not ask for relief by way of setting it aside, his inclusion in an order vacating the judgment was error.

Same—Mistake—Date—Immaterial Error.
    8.   A mistake as to the date on which a default judgment was rendered, made in an order granting a motion to vacate it, is not of sufficient importance to render it of no effect.

    [As to mere forgetfulness as ground for setting aside default, see note in 43 L. R. A. (n. s.) 930.]

*Appeal from District Court, Teton County; H. H. Ewing, Judge.*

ACTION by Annie C. Morehouse and others against Edward T. Bynum and others. From an order vacating a default against defendants Lewis D. Matheson and Lee Bayliss, plaintiffs appeal. Modified and affirmed.

*Mr. James Sulgrove* and *Mr. John W. Stanton,* for Appellants, submitted a brief; *Mr. Stanton* argued the cause orally.

*Mr. Fletcher Maddox* and *Mr. James Donovan,* for Respondents, of the bar of Los Angeles, Cal., submitted a brief; *Mr. Maddox* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In a suit to quiet title, pending in Teton county, service of summons was made upon some of the defendants, but not upon Lewis D. Matheson, who resided in California. Charles G. Bynum employed Bair & Verge, attorneys at Chouteau, and through some misunderstanding these attorneys were led to believe that they were retained to enter a general appearance for all the defendants. After demurrer had been overruled, an answer was prepared and filed on behalf of the defendants, except Matheson and Lee Bayliss, and on September 3, 1913, the default of these two was entered. In January following proof was submitted and a decree entered agreeable to the prayer of the complaint. In May, 1914, Matheson moved the court to vacate the decree and set aside the default as against him, and in the notice specified, among other grounds, that he had not been served with summons, had not appeared, or authorized or ratified any appearance on his behalf. The motion was noticed for hearing upon the affidavits of Matheson, Charles G. Bynum and John G. Bair, the proposed answer of Matheson, and the files in the case. After a hearing the court granted the motion in an order as follows: "It appearing to the satisfaction of the court that the defendants Lewis D. Matheson and Lee Bayliss have never been served with process in said action, and they have never authorized any attorney to appear for them, or either of them, and neither of them has appeared himself: It is hereby ordered that the decree heretofore entered herein on the 19th day of May, 1914, against the defendants Lewis D. Matheson and Lee Bayliss, be and the same is hereby vacated and set aside, and the default of said defendants Lewis D. Matheson and Lee Bayliss be and the same is hereby vacated, and the said defendant Lewis D. Matheson is hereby given leave to file his proposed answer, which was submitted to the court at the time said motion was heard." From that order plaintiffs appealed.

We shall not attempt to account for the numerous contradic-
[1] tions which appear in the record. It was incumbent upon

the court below to pass upon and determine the credibility of the witnesses whose affidavits were used upon the hearing, and its conclusion thereon will be accepted by this court in the absence of a showing that the evidence was insufficient to warrant the conclusion. (*Swilling* v. *Cottonwood Land Co.*, 44 Mont. 339, 119 Pac. 1102.) The affidavits offered in support of the motion were competent under express statutory authority. (Rev. Codes, secs. 7987, 7992.)

The period of six months mentioned in section 6589 within [2] which motion to vacate must be presented, applies in terms only to the case of one who seeks relief from the consequence of *his* mistake, inadvertence, surprise or excusable neglect It cannot apply to one who has never been served with summons, and who has not appeared, but whose default has been entered through the inadvertence of someone else. It is unnecessary to decide whether, under the concluding sentence in section 6589, Matheson was entitled to move at any time within a year from the rendition of the judgment against him. For the purposes of this appeal it is sufficient to hold that the trial court was fully justified in finding that he had not delayed his application unnecessarily after he became aware that the decree had been rendered against him.

It is insisted that the affidavit of Matheson does not sufficiently negative the idea that he had authorized *an* attorney to appear for him. This court does not view with favor distinctions of [3] useless nicety. In his affidavit Matheson declares: That "he did not employ Bair & Verge, or any other attorneys, to appear for him in said action; that he did not authorize anyone to employ counsel for him or to authorize anyone to appear in his behalf in said suit; * * * that he employed James Donovan as his attorney to appear for him in said cause on or about January 22, 1914; and that said Donovan is the only attorney that has ever been employed by this affiant to look after the interests of the affiant in said action." We think this a sufficient showing that the appearance made for this defendant was unauthorized.

It is insisted, also, that the court erred in setting aside the
[4] default, in the absence of a proposed answer or an affidavit
of merits. The argument could be fortified by numerous deci-
sions of this court, if the premise upon which it is founded were
true. The order setting aside the default is a part of the bill
of exceptions, and in it the court recites that defendant Mathe-
son's proposed answer was submitted to the court at the time
the motion was heard. We entertain no doubt that the learned
judge of the trial court spoke accurately in this recital, and if
the proposed answer was insufficient to present a defense upon
the merits, it was incumbent upon the appellants to incorporate
it in the bill of exceptions and present it to this court for review.
In its absence we indulge the most liberal presumptions in favor
of the trial court's action. We will assume that the answer,
if before us, would disclose a defense upon the merits, and that
defendant Matheson would be injuriously affected by the decree
if permitted to stand. It is the policy of the law that every
[5, 6] action or proceeding be heard upon its merits, and
therefore this court has uniformly adhered to the rule that if
the motion to set aside the default is made promptly and is sup-
ported by a showing which convinces the court of its merits,
or which leaves the court in doubt, or upon which reasonable
minds might differ, the court should grant the motion. (*Nash*
v. *Treat*, 45 Mont. 250, Ann. Cas. 1913E, 451, 122 Pac. 745;
*Canning* v. *Fried*, 48 Mont. 560, 139 Pac. 448.)

The trial court was in error, however, in setting aside the
[7] default and vacating the decree as against the defendant
Lee Bayliss. Bayliss did not ask for the relief granted, or for
any relief. So far as the record discloses, he is satisfied with
the decree against him. There is not any showing in the record
that he did not authorize his appearance to be entered, and in
the absence of such a showing the court should not have included
a reference to him in the order.

The court refers to the decree as entered May 19, 1914. The
[8] decree against Matheson and Bayliss was rendered January
6, 1914, and filed January 8, 1914. The notice of motion cor-

rectly describes it, and the hearing was directed to that decree, and to none other.    The mistake in the order, if mistake it was, ought not to deprive this defendant of the benefit to which he is entitled.    The order would have been sufficient without attempting to give the date of the decree.    Indeed, it is possible that a decree filed with the clerk on January 8 was not entered until May 19.    The entry of a judgment is its recordation in the judgment-book mentioned in section 6804, Revised Codes.

The cause is remanded to the district court, with direction to reform the order by excluding therefrom all reference to defendant Lee Bayliss, and, as thus modified, it will stand affirmed. The appellants will pay the costs of the appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.