EDER, APPELLANT, *v.* BEREOLOS, RESPONDENT.

(No. 4,731.)

(Submitted April 17, 1922. Decided May 15, 1922.)

[207 Pac. 471.]

*Judgments by Default—Setting Aside—Excusable Neglect—Discretion—Showing Necessary.*

Default Judgment—Setting Aside—Showing Required.
1.  To justify the granting of a motion to set aside a default, defendant must show that he proceeded with diligence, his excusable neglect, that the judgment if permitted to stand will affect him injuriously, and that he has a meritorious defense to plaintiff's cause of action.

Same—Meritorious Defense—Plaintiff may not by Evidence Controvert Defendant's Showing.
2.  On the hearing of a motion to set aside a default judgment, defendant's showing that he has a meritorious defense may not be controverted by evidence.

Same—Setting Aside—Discretion.
3.  The setting aside of a default judgment is a matter within the sound legal discretion of the trial court, and its action will not be disturbed on appeal unless manifest abuse of such discretion is shown.

Same—Abuse of Discretion—Burden on Appellant.
4.  A stronger showing of abuse of discretion must be made to warrant a reversal of an order granting a motion to set aside a default than of one refusing it.

Same—Setting Aside—What Showing Deemed Sufficient.

5. *Held,* that in setting aside a default judgment for neglect of counsel for defendant in an action for trespass, the court did not abuse its discretion where counsel had been for some time prior to, and was at the date for appearance, engaged as counsel for defendant in a homicide case of unusual importance and in the conduct of which his attention was so absorbed as to cause him to overlook making appearance, it further appearing that he acted promptly and had a meritorious defense.

Same — Conflict in Testimony at Hearing of Motion — How Viewed on Appeal.

6. Any conflict in the testimony heard on motion to set aside a default judgment will be deemed to have been determined by the decision of the trial court and cannot be considered on appeal from an order granting the motion.

*Appeal from District Court, Stillwater County; Albert P. Stark, Judge.*

ACTION by Carl Eder against James Bereolos. Plaintiff had judgment by default, and appeals from an order setting it aside. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. B. E. Berg,* for Appellant.

While it is true, that if, upon a motion to set aside a default, the showing made leaves the mind of the court in doubt as to whether it should be granted, that doubt should be resolved in favor of the motion, this rule presupposes that a proper showing under the statute has been made, and where a default has been set aside without such showing, the discretion of the court is not set in motion, and the order should be reversed. Such discretion of the trial court is a legal one, and without a proper showing, the exercise of it in favor of such motion is an abuse of that discretion. (*Thomas v. Chambers,* 14 Mont. 423, 36 Pac. 814; *Scilley v. Babcock,* 39 Mont. 536, 104 Pac. 677; *Chambers v. City of Butte,* 16

5. Whether neglect of counsel can be imputed to party under statute providing for relief from judgment for mistake, inadvertence, surprise or excusable neglect, see note in 27 **L. R. A. (n. s.)** 858.

Mere forgetfulness as ground for setting aside default, see notes in **Ann. Cas.** 1914B, 589; 43 **L. R. A. (n. s.)** 930.

Mont. 90, 40 Pac. 71; *Canning* v. *Field,* 48 Mont. 563, 139 Pac. 448; *State* v. *District Court,* 57 Mont. 432, 188 Pac. 902.)

A sufficient showing was not made by the respondent in this case on his motion to set · aside his default and the judgment rendered against him to set the discretion of the court.

In this case the sole excuse offered is forgetfulness of counsel. Neglect of counsel is the neglect of the respondent. This rule of law is so well established that citations are hardly necessary, but the following cases are in point: *Morris* v. *Wofford,* 114 Ga. 935, 41 S. E. 56; *Moore* v. *Horner,* 146 Ind. 287, 45 N. E. 341; *Church* v. *Lacy,* 102 Iowa, 235, 71 N. W. 338; *Reiher* v. *Webb,* 73 Iowa, 559, 35 N. W. 631; *Welch* v. *Challen,* 31 Kan. 696, 3 Pac. 314; *Sanborn* v. *Centralia F. M. Co.,* 5 Wash. 150, 31 Pac. 466.

The fact that counsel for respondent was busy in court matters and forgot to appear in the case does not constitute excusable neglect. (*Pearce* v. *Butte Electric Ry. Co.,* 40 Mont. 322, 106 Pac. 563; *Storer* v. *Graham,* 43 Mont. 344, 116 Pac. 1011; *Vadnais* v. *East Butte Extension Copper Min. Co.,* 42 Mont. 543, 113 Pac. 747; *Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac. 456, 852; *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677; *Church* v. *Lacy,* 102 Iowa, 235, 71 N. W. 338; *Barto* v. *Sioux City Electric Co.,* 119 Iowa, 179, 93 N. W. 268; *House* v. *Bryant,* 3 N. C. 374; *Tarrant County* v. *Lively,* 25 Tex. Supp. 399.)

*Mr. Geo. A. Westover* and *Mr. M. L. Parcells,* for Respondent.

We call the attention of the court to a case almost on all-fours with the case at bar, where the neglect of the attorney under similar circumstances to those existing in this case has been carefully considered by the supreme court of North

Dakota in a well-considered decision in the case of *Citizens' Nat. Bank* v. *Branden,* 19 N. D. 489, 27 L. R. A. (n. s.) 858, 126 ·N. W. 102, which was an appeal by defendant from an order refusing to open a default judgment and permit defendant to interpose a defense, and where the judgment was reversed and motion to vacate default granted. (See, also, *Yolo Water & Power Co.* v. *Edmands,* 45 Cal. App. 410, 187 Pac. 755, and *Burns* v. *Scoofey,* 98 Cal. 271, 33 Pac. 86.)

The word "surprise," in its legal acceptance, denotes an unforeseen disappointment against which ordinary prudence would not have afforded . protection. (*Patrick* v. *Boonville Gaslight Co.,* 17 Mo. App. 462, 463, 465; *Peers'* v. *Davis' Admrs.,* 29 Mo. 184, 190; *Brandt* v. *Krogh,* 14 Cal. App. 39, 111 Pac. 275; *Porter* v. *Anderson,* 14 Cal. App. 716, 113 Pac. 345.)

"Where a party employs counsel of good reputation and large experience, the neglect of such counsel of matters necessary to the ordinary procedure of the case is a 'surprise' to the party, * * * entitling him to a relief from a default judgment, taken against him through surprise, at any time within one year after notice thereof, in the discretion of the court." (*Citizens' Nat. Bank* v. *Branden,* 19 N. D. 489, 27 L. R. A. (n. s.) 858, 126 N. W. 102, 104.) In North Carolina it is held that if an attorney neglects to perform his engagement, to enter a plea for his client, it may fairly be considered a "surprise" on the client, within the meaning of the statute, and if in consequence of such neglect judgment is given against the client, it is excusable neglect in the client, and that judgment will be vacated. (*Griel* v. *Vernon,* 65 N. C. 76; *Bradford* v. *Coit,* 77 N. C. 72; *Gwathney* v. *Savage,* 101 N. C. 103, 7 S. E. 661.) In *Loree* v. *Reeves,* 2 Mich. 133, the judgment was set aside upon the ground of surprise, it appearing that the movant's attorney abandoned the case and suffered judgment to be entered by default.

MR. CHIEF COMMISSIONER POMEROY prepared the opinion for the court.

This action was brought to recover $1,000 actual and $500 exemplary damages for injury alleged to have been suffered by plaintiff on account of a trespass by defendant's hogs. The summons was served personally September 25, 1919. The default of the defendant was entered October 18. On October 25. a trial was had and verdict returned for the plaintiff for the full amount of his claim. Judgment was entered in accordance with the verdict October 28. On the same day the defendant moved to set aside the default and vacate the judgment. On January 16, 1920, the motion was denied. On March 20 a second motion to set aside the default and vacate the judgment was made upon leave granted by the court. The motion was heard upon affidavits and oral testimony, and was on May 27, 1920, granted. The motion was granted on condition that the defendant pay the plaintiff his costs to the amount of $21.50 and an attorney fee of $100. The appeal is by the plaintiff from the order granting the motion.

Section 9187, Revised Codes of 1921, provides: "The court [1-4] * * * may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." In the case of *Donlan* v. *Thompson Falls C. & M. Co.,* 42 Mont. 257, 112 Pac. 445, this court said: "Whether it should have been set aside was a matter within the sound legal discretion of the court below, and with its determination we may not interfere, unless there was a manifest abuse of such discretion."

In the case of *Beadle* v. *Harrison,* 58 Mont. 606, 194 Pac. 134: "A stronger showing of an abuse of discretion should be made to warrant a reversal where the trial court has opened

a default than where it has refused to do so, for the courts almost universally favor a trial on the merits, and where there has been a reasonable excuse for the default offered with reasonable diligence, such a trial should be had." In *Swilling* v. *Cottonwood Land Co.,* 44 Mont. 339, 119 Pac. 1102: "It is beside the question that any member of this court, if sitting in the trial court, would probably have exercised the discretion in favor of the appellant. It is not the province of this court to substitute its discretion for that of the district court."

In order to justify the district court in granting the motion, the defendant was required to show: (a) That he proceeded with diligence; (b) his excusable neglect; (c) that the judgment, if permitted to stand, will affect him injuriously, and that he has a defense to the plaintiff's cause of action upon the merits. (*Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739.) It is not contended in this case that the defendant's application was not timely, nor that the judgment, if permitted to stand, will not affect him injuriously. That the defendant has a meritorious defense to plaintiff's cause of action is amply shown by his answer and by his very full and complete affidavit of merits. On the hearing the plaintiff undertook to dispute the showing by contrary evidence. This he is not permitted to do. (*Butte Butchering Co.* v. *Clarke,* 19 Mont. 306, 48 Pac. 303.)

No neglect can be charged personally to the defendant. He [5] lives thirty miles from Columbus, the county seat. On October 3 he employed Mr. George A. Westover, the oldest attorney in point of time practicing in Stillwater county, to appear for him in the suit, left with him the copy of the summons and complaint, and gave him the facts concerning his defense. On October 13 he met with an accident, was seriously injured, and confined to his bed at his home until October 31. The neglect was entirely that of his attorney, Mr. Westover. The showing as an excuse for the neglect was:

That on October 7 Mr. Westover prepared a demurrer, and twice during office hours on that day went to the office of the attorney for the plaintiff to serve it, and on each occasion found the office locked; that (quoting from his affidavit) "affiant was one of the attorneys for the defendant in the case of the *State of Montana* v. *Elijah Bess,* who was charged with murder in the first degree; that on the day following the visit of affiant to the office of said B. E. Berg, for the purpose of serving said demurrer, affiant entered upon the work of examining witnesses and procuring affidavits for use in connection with the preparation and trial of a motion for change of venue in said murder case, which motion was heard on Saturday, the eleventh day of October, A. D. 1919; that from the morning of the said eighth day of October, A. D. 1919, and up to and until the conclusion of the trial of the said case of the *State of Montana* v. *Elijah Bess* at 2:30 A. M., on the morning of October 18, 1919, affiant was constantly engaged in the work pertaining to and trial of said murder case; that there was no intention on the part of this affiant to neglect the interests of his client, James Bereolos, defendant in the above-entitled action, and that, immediately after learning of the entry of said default, which knowledge first came to affiant on the twenty-fourth day of October, A. D. 1919, while the jury were deliberating on the verdict and before the verdict was returned in said case, affiant informed the judge of this court and B. E. Berg, attorney for plaintiff herein, that he had been retained by and represented the defendant in said action, and desired to present a defense therein or words to that effect; that affiant immediately prepared motion to set aside the default entered in said action without his knowledge, on the eighteenth day of October, A. D. 1919, supported by affidavit and served the same upon B. E. Berg, attorney for plaintiff herein, on the twenty-seventh day of October, A. D. 1919, prior to entry of judgment in said action and also communicated the fact of the entry of said

judgment to the defendant herein, James Bereolos, by special messenger, at the earliest opportunity."

Mr. Westover testified at the hearing of the motion: "From the morning of the 13th of October, which was Monday, I was engaged in the trial of that case until 2:30 o'clock on the morning of the 18th, and during the day of the 12th of October I was engaged the entire day, which was Sunday, in the preparation for trial of the action. I believe that the eighteenth day of October was the same day the default was entered. Due to the fact of the importance of the murder case in which I was professionally engaged, and due to the further fact of the employment of Mr. C. B. Nolan of Walsh, Nolan & Scallon, of Helena, and Mr. H. J. Miller of the firm of Miller, O'Connor & Miller, of Livingston, as well as the county attorney of Stillwater county in the prosecution of the case, my mind was intensely absorbed in the trial of the action. And I will say frankly that I considered no other matters that I recall during that period of time, other than that one case. I did not make service of the pleading, and appearance in the *Eder* v. *Bereolos Case,* due to the fact that my mind was entirely absorbed in the other case between the seventh day of October and the eighteenth day of October, 1919, and I inadvertently overlooked the filing and the service."

That the murder case upon which defendant's attorney was engaged was one of unusual moment is evidenced by the fact that distinguished counsel from Helena and Livingston were employed to assist the county attorney. While Mr. Westover was not the chief counsel for the defense, the fact that neither of his associates was a resident of Stillwater county [6] placed a heavy responsibility upon him. There were some conflicts in the testimony, but these were determined by the decision of the district court, and cannot be considered by this court. (*Jensen* v. *Barbour,* 12 Mont. 566, 31 Pac. 592.) The trial court properly exercised its discretion in setting aside the default and permitting a trial of the case on the

[63 Mont. 363.]

merits. The zeal of counsel in the murder case is to be commended. His neglect under the circumstances was clearly excusable.

Fifty-two decisions of this court, construing the provisions of the Code involved in this case, have been examined, and it is worthy of note that in only six of these have the decisions of the district courts in setting aside defaults been reversed, because of the insufficiency of the showing of excusable neglect. They are: *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814, *Chambers* v. *City of Butte,* 16 Mont. 90, 40 Pac. 71, *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677, *Pearce* v. *Butte Electric Ry. Co.,* 40 Mont. 321, 106 Pac. 563, *Lovell* v. *Willis,* 46 Mont. 581, Ann. Cas. 1914B, 587, 43 L. R. A. (n. s.) 930, 129 Pac. 1052, and *Robinson* v. *Petersen, ante,* p. 247, 206 Pac. 1092. None of those decisions is in conflict with the conclusion reached in this case.

In *Lovell* v. *Willis,* Mr. Chief Justice Brantly, speaking for a majority of the court, said: "If the affidavit had made a disclosure of facts showing that the character of defendant's business was such as to absorb his attention and was so pressing that the average man would, under similar circumstances, have been likely to forget his other important interests, the conclusion of the court thereon might have been justified." Other cases in point are: *Whiteside* v. *Logan,* 7 Mont. 373, 17 Pac. 34; *Jensen* v. *Barbour, supra; Mantle* v. *Largey,* 17 Mont. 479, 43 Pac. 633; *Jones* v. *Jones,* 37 Mont. 155, 94 Pac. 1056; *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147; *Nash* v. *Treat,* 45 Mont. 250, Ann. Cas. 1913E, 751, 122 Pac. 745; *Farmers' Co-operative Assn.* v. *Roper,* 57 Mont. 42, 188 Pac. 141; *Delaney* v. *Cook,* 59 Mont. 92, 195 Pac. 833.

It is recommended that the order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the order appealed from is affirmed.

*Affirmed.*