PACIFIC ACCEPTANCE CORPORATION, APPELLANT, *v.*
McCUE ET AL., RESPONDENTS.

(No. 5,517.)

(Submitted June 19, 1924.   Decided July 1, 1924.)

[228 Pac. 761.]

*Default Judgment—Setting Aside—Excusable Neglect—Insuffi-*
*cient Showing—Abuse of Discretion.*

Default Judgment—Setting Aside—Discretion.
   1.   Every application to have a default judgment set aside must be
   determined by its own facts, and it is only in case of abuse of
   judicial discretion that the court's ruling thereon will be disturbed.
Same—Order Granting Motion to Set Aside—Stronger Showing Required
   for Reversal of Order Than Where Motion Denied.
   2.   A stronger showing of abuse of discretion must be made to war-
   rant a reversal where the trial court has set aside a default than
   where it has refused to do so, for the reason that the law favors a
   trial on the merits.
Same—Negligence—Presumption.
   3.   The fact that defendant permits the statutory period of twenty
   days to expire without appearance presumes negligence.
Same—Insufficiency of Showing to Warrant Vacation—Abuse of Dis-
   cretion.
   4.   *Held*, that the showing made by defendant in aid of his motion
   to set aside a default judgment, to the effect that he intended to
   appear on the last day but forgot because of a headache, was
   insufficient to invoke judicial discretion in his favor, and that the
   court in setting the judgment aside committed error.

*Appeal from District Court, Cascade County; H. H. Ewing,*
*Judge.*

ACTION by the Pacific Acceptance Corporation against T. F.
McCue and another.   From an order setting aside a default
judgment plaintiff appeals.   Reversed.

Cause submitted on briefs of Counsel.

*Mr. Stephen J. Cowley,* for Appellant.

Citing: *Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739; *Vadnais*
v. *East Butte etc. Min. Co.*, 42 Mont. 543, 113 Pac. 747;
*Robinson* v. *Petersen*, 63 Mont. 247, 206 Pac. 1092; *Swilling*
v. *Cottonwood Land Co.*, 44 Mont. 339, 119 Pac. 1102; *Arm-*

*strong* v. *Hartford Fire Ins. Co.,* 33 Idaho, 303, 195 Pac. 301; *Ticknor* v. *McGinnis,* 33 Idaho, 308, 193 Pac. 850.

*Mr. T. F. McCue, pro se.*

"Each case in which the court is asked to set aside a judgment on the ground of excusable neglect in the moving party, must be decided upon its own facts." (*Farmers' Co-op. Assn.* v. *Roper,* 57 Mont. 47, 188 Pac. 141.) A motion to open up a default judgment which is made promptly is addressed to the sound discretion of the court who entered the default judgment, and it is the universal rule, adopted by all appellate courts, that unless this discretion was manifestly abused, the appellate court will not interfere. (*Donlan* v. *Thompson Falls C. & M. Co.,* 42 Mont. 257, 112 Pac. 445.)

## Opinion: PER CURIAM.

This is an appeal from an order of the district court setting aside a default judgment against the defendant, T. F. McCue. The summons was served on Mr. McCue October 1, 1923. The last day for appearance, October 21, fell on Sunday, so that he had all of the 22d in which to appear. No appearance having been made by him on October 22, the plaintiff, on October 23, filed a *praecipe* with the clerk of the court, requesting that defendant's default be entered. The clerk thereupon entered the default of the defendant and made the appropriate indorsement upon plaintiff's complaint. Upon the same day, October 23, defendant filed an answer to the complaint. The answer was: "He denies each and every allegation, matter, and thing set out in said complaint." On November 13 the clerk entered judgment against the defendant pursuant to the default which had been entered as aforesaid. On November 30 defendant gave notice that upon the 5th of December he would move the court to set aside the default judgment entered against him. With this notice he filed an affidavit and an amended answer. Thereafter affidavits were filed in opposition to defendant's motion, and after that other affidavits were filed in behalf of both parties.

Summed up, the defendant's motion was based upon what he terms was excusable neglect on his part. He averred in his affidavit that on October 18, 19 and 20 he was so busy with other matters in his office that he did not have time to draw an answer in this case, intending to draw it on October 22, which was within time, but on that day he was confined to his room with a severe cold and fever until about 4 o'clock in the afternoon when he went to his office, but by reason of a violent headache entirely overlooked the time for filing the answer and forgot it was due. He averred that on the next morning, October 23, he recollected that an answer was due in the case, immediately prepared it and caused it to be served upon the attorney for the plaintiff in the forenoon; that the attorney for plaintiff accepted service thereon; that immediately after lunch the answer was filed; and that the attorney for plaintiff "between the time of accepting service of said answer and the filing of the same" filed the *praecipe* for default.

Hazel Hickman, describing herself as a clerk in the office of the attorney for the plaintiff, filed an affidavit in which she said she had read the affidavit of the defendant, "and that after such reading she states positively that the statements therein contained, with reference to the attempted service of defendant's answer and the filing and taking default herein are untrue." She affirmed that on the night of the 22d she took the *praecipe* and proposed default blank home with her and on her way to work on the morning of the 23d, at 9 o'clock, stopped at the office of the clerk of the court and filed the *praecipe* and had the default entered; that her employer, the attorney for the plaintiff, was absent from his office on that day, the 23d, being in Flathead county, Montana, at that time; that the attempted service of the answer was made upon her during the afternoon of that day, the default having been entered in the morning as is above stated.

It will not serve any useful purpose to narrate the contents of the other affidavits. They contain much matter not mate-

rial to the issue and do not bear essentially upon the question of excusable neglect on part of the defendant.

From the facts and circumstances appearing in the record we have no doubt that the default was entered before the answer was served or filed. The precise question then is: Did the fact that McCue was confined to his room on the 22d of October until 4 o'clock in the afternoon and that by reason of a headache he forgot the answer was due on that date constitute excusable neglect? A negative answer is compelled.

Every application to set aside a default must be determined [1] by its own facts. The application is an appeal to the sound judicial discretion of the court. Only in case of an abuse of such discretion will the ruling of the court thereon be disturbed. So this court has held many times. (*Donlan* v. *Thompson Falls C. & M. Co.,* 42 Mont. 257, 112 Pac. 445, and cases cited; *Beadle* v. *Harrison,* 58 Mont. 606, 194 Pac. 134; *Eder* v. *Bereolos,* 63 Mont. 363, 207 Pac. 471.)

It is recognized, also, that a stronger showing of an abuse [2] of discretion should be made to warrant a reversal where the court has set aside a default than where it has refused to do so (*Beadle* v. *Harrison, supra; Farmers' Co-op. Assn.* v. *Roper,* 57 Mont. 48, 188 Pac. 141; *Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693), for the reason that the law favors a trial on the merits. "The design and purpose of the statute is to further the administration of justice so that the very right upon the merits may be determined, and to that end to grant relief from excusable neglect, in cases where diligence is shown in applying promptly for the relief sought, provided the opposite party be not deprived of any advantage to which he may properly be entitled." (*Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Morehouse* v. *Bynum,* 51 Mont. 289, 152 Pac. 477; *Robinson* v. *Petersen,* 63 Mont. 247, 206 Pac. 1092.) "But this policy does not give countenance to an inexcusable negligence." (*Kersten* v. *Coleman,* 50 Mont. 82, 144 Pac. 1092.)

A default may not be set aside simply for the asking. As observed in the case last cited: "The statute has made the very liberal allowance of twenty days after service of summons, within which a defendant may make his appearance in the district court, and the circumstances of any given case must be most extraordinary to excuse a failure to appear within that time." The twenty days prescribed is designed to allow a defendant time in which to employ counsel, to advise with him, and to permit an investigation of the law and facts, in order that a proper defense may be made. Usually this period of time is more than ample. It is true that occasionally it is not sufficient, but the statute also provides that the court, upon application, may enlarge the time for answer upon good cause shown. (Sec. 9187, Rev. Codes 1921.) Every practitioner knows the tendency to put off appearance until the last day and then file a demurrer, which is a mere time-server, and when it is overruled to ask for and obtain time to file an answer. Here procrastination is indeed the thief of time, and such loose practice leads to results like that now [3] under consideration. The fact that one permits the twenty days to expire without appearance presumes negligence. If a defendant chooses to take the risk of deferring his appearance until the last day and fails to make it because of his forgetfulness he has no one but himself to blame. (*Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739; *Swilling* v. *Cottonwood Land Co.*, 44 Mont. 339, 119 Pac. 1102.) He may not then snatch from his adversary the advantage the latter has gained by properly following the law.

In the instant case the defendant could have prepared his [4] answer in ten minutes. He did not require consultation with counsel; he was his own lawyer, which reminds us of the ancient adage. Because of a headache he forgot that he was required to make his appearance in this lawsuit. The headache which must now ensue may serve as a warning to his brethren of the bar that diligence and not forgetfulness, in the conduct of a lawsuit wins reward.

We are constrained to hold that the mere fact that the defendant intended to appear upon the last day but forgot did not present a showing sufficient to invoke judicial discretion in his favor. (*Bowen* v. *Webb, supra; Seilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677; *Vadnais* v. *East Butte Extension C. M. Co.,* 42 Mont. 543, 113 Pac. 747; *Lovell* v. *Willis,* 46 Mont. 581, Ann. Cas. 1914B, 587, 43 L. R. A. (n. s.) 930, 129 Pac. 1052; and see *Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac. 852; *Herbst Importing Co.* v. *Hogan,* 16 Mont. 384, 41 Pac. 135; *Delaney* v. *Cook,* 59 Mont. 92, 195 Pac. 833; *St. Germain* v. *Vollmer,* 68 Mont. 264, 216 Pac. 788.)

We conclude by quoting from *Robinson* v. *Petersen, supra:* "If the judgment in this case could be set aside upon the showing made, then any judgment by default could be set aside for the simple asking."

The order appealed from is reversed.

*Reversed.*

All the Justices concurring.

Rehearing denied September 10, 1924.